# Riley, Appellant, *v.* Carnegie Steel Co.

*Workmen's   compensation—Death—Evidence—Declarations   of deceased—Res gestæ—Hemorrhages from lungs.*

1. To be admissible as part of the res gestæ, declarations must be spontaneous utterances accompanying or immediately succeeding or immediately preceding the act in question, so near in point of time and place as to be in reality a part of it, and not the designed statements of the actors, nor the recital of a past event.

2. Where a claim for compensation is made for the death of a workman who died from hemorrhages of the lungs, declarations made by the deceased to his wife and physician ten hours after the alleged accident, to the effect that he had strained himself in lifting a heavy machine, are inadmissible as a part of the res gestæ to prove an accident.

3. A rupture of a blood vessel causing hemorrhages may result from a natural as well as an accidental cause, and its occurrence does not prove an accident.

*Workmen's   compensation—Hearing   by   court   of   common   pleas —Further hearing—Act of June 26, 1919, Section 427, P. L. 642, 666.*

4. Where the court of common pleas has once reversed the decision of the compensation board, and remitted the record to the board, as provided by section 427 of the Act of June 26, 1919, P. L. 642, 666, it is not required to continue remitting the record on subsequent appeals.

Argued Oct. 13, 1922. Appeal, No. 194, Oct. T., 1922, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1922, No. 2033, reversing decision of Workmen's Compensation Board, in case of Catherine B. Riley v. Carnegie Steel Company. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Decision reversed. Plaintiff appealed.

*Errors assigned,* inter alia, were (2) order, and (3) failure to remit record to board, quoting record.

*T. F. Ryan,* of *Bialas & Ryan,* for appellant.—There was evidence to support the claim: Clark v. Coal Co., 264 Pa. 529.

The happening of the accident on the employer's premises during working hours is all that is required: Clark v. Coal Co., 264 Pa. 529; Tracey v. Ry., 270 Pa. 65; Zukowsky v. Ry., 270 Pa. 118; Matis v. Schaeffer, 270 Pa. 141; Lane v. Baking, 261 Pa. 329.

The court should have remitted the record to the Workmen's Compensation Board for further hearing and determination: Kuca v. Coal Co., 268 Pa. 163; Stahl v. Coal Co., 268 Pa. 452.

Declarations of decedent with respect to his injury are competent as part of the res gestæ: Penna. R. R. v. Lyons, 129 Pa. 113; Smith v. Stoner, 243 Pa. 57; Van Eman v. F. & C. Co., 201 Pa. 537; Tomczak v. Coal Co., 250 Pa. 325; Com. v. Werntz, 161 Pa. 591; Wolford v. Moving & Storage Co., 262 Pa. 454; McCauley v. Woolen Mills, 261 Pa. 312.

*John G. Frazer,* with him *W. L. G. Gibson* and *Reed, Smith, Shaw & Beal,* for appellee, cited: McCauley v. Woolen Mills, 261 Pa. 312; Wolford v. Moving & Storage Co., 262 Pa. 454; Keefer v. Ins. Co., 201 Pa. 448; Greed v. Mfg. L. & H. Co., 238 Pa. 248; Leonard v. R. R., 259 Pa. 51.

OPINION BY MR. JUSTICE WALLING, January 3, 1923:

This is a workmen's compensation case. On the morning of May 3, 1920, plaintiff's husband, Harry C. Riley, while at work for defendant as a clerk, complained of pain in his left chest and about three hours later coughed up blood, but continued at his work until evening. On returning home, Riley made light of his wife's suggestion that he looked ill; but after supper he called on the

family doctor to whom he related his symptoms and also stated that while lifting an adding machine (weighing from forty to fifty pounds) that morning at his work he felt something give way in his left chest, followed by the pain to which we have referred, and later that evening made a like statement to his wife. The hemorrhages continued until Riley's death therefrom twelve days later. No one saw the deceased lift the adding machine on the day in question, but he had sometimes done so on former occasions, and, while he told those about him in the office that morning, including the plant's physician, of the pain and later of the appearance of blood, he said nothing about the adding machine or of any strain or accident. The referee rejected the claim for lack of proof, but the compensation board allowed it; the court of common pleas reversed the decision of the board, to whom the record was returned for a rehearing, where, after taking additional evidence, the claim was again allowed, but was again rejected and judgment entered for defendant by the court of common pleas; hence this appeal by plaintiff.

While it was not necessary to prove the injury arose out of the employment (Clark v. Lehigh Valley Coal Co., 264 Pa. 529; Dzikowska v. Superior Steel Co., 259 Pa. 578), it was incumbent upon plaintiff to show her husband died from an accident sustained in the course of his employment (see sec. 301 of Act of June 2, 1915, P. L. 736, 738; Marsh v. Groner, 258 Pa. 473). This she sought to do by his declarations made to the doctor and also to herself, over ten hours after the accident; while in the meantime he had worked many hours, talked with many people, including his wife, ate his supper and gone to the doctor's office. There is no ground upon which such declarations were competent as evidence. To be admissible as part of the res gestæ, declarations must be the spontaneous utterances accompanying or immediately succeeding or immediately preceding the act in question, so near in point of time and place as to be in

reality a part of it, and not the designed statements of the actors, nor the recital of a past event. In other words, where the declarations "are made under such circumstances as will raise the reasonable presumption that they are the spontaneous utterances of thoughts created by, or springing out of, the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation and design, they will be admissible as part of the res gestæ": 21 Am. & Eng. Encyc. of Law (1st ed.) 101; Eby v. Travelers Ins. Co., 258 Pa. 525, 532, 533; and see Leonard v. Balt. & O. R. R. Co., 259 Pa. 51, 58; Eline v. Western Maryland Ry. Co., 262 Pa. 39; Bausbach v. Reiff, 244 Pa. 559, 566, 567; Greed v. Manufacturers' L. & H. Co., 238 Pa. 248; Coll v. Easton Transit Co., 180 Pa. 618; Com. v. Werntz, 161 Pa. 591, 597. In Van Eman v. F. & C. Co., 201 Pa. 537, we did not decide that declarations made by an injured husband to his wife several hours after the accident were admissible as part of the res gestæ, but that their admission was there immaterial as the opposite party had put in evidence like statements made by the injured party to a physician. In Smith v. Stoner, 243 Pa. 57, the declarations, held part of the res gestæ, were made by the injured party within a half hour of the accident, while he lay in agony where he had fallen, and to the first person who appeared upon the scene. To like import are Tomczak v. Susquehanna C. Co., 250 Pa. 325, and Penna. R. Co. v. Lyons, 129 Pa. 113. Moreover, what a man states to his wife or a physician as to the cause of his injuries is not competent as evidence unless part of the res gestæ: McCauley v. Imperial W. Co., et al., 261 Pa. 312; Eby v. Travelers Ins. Co., supra.

Excluding the declarations of Riley, as to the adding machine, there is nothing to support the finding of an accident, as the only one suggested was the strain resulting from that cause and there is not a word of competent evidence tending to show he lifted the machine; hence, it cannot be assumed he was hurt thereby. Furthermore,

there is no evidence Riley met with any accident while in such employ; the mere fact of a pain in the chest, or of coughing up blood, does not prove an accident; all the medical evidence is to the effect that those symptoms might result from an injury or from a natural cause. True, the symptoms indicate a hemorrhage of the lungs, but that does not prove an accident; it often results, and in this case may have resulted, from tuberculosis, or the erosion of an artery, or a ruptured blood vessel, quite probably the latter. An enlarged blood vessel, or aneurism, not infrequently forms in the lungs of a man of the age (35 years) and apparent good health of Riley and will cause a pulmonary hemorrhage when ruptured, but, as such rupture may result from a natural as well as from an accidental cause, its occurrence does not prove an accident. The medical evidence is that while an aneurism is often ruptured by some extra strain, it does at times occur without such strain and even in sleep. There was no autopsy held; so, conceding that death was caused by pulmonary hemorrhage, there was nothing to support a finding that the hemorrhage was caused by an accident; this, in connection with the lack of any competent evidence of an accident, necessitated the rejection of plaintiff's claim. It is the duty of the common pleas to ascertain whether there is evidence to support the findings of the board and if, on such findings, the law has been properly applied; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Stahl v. Watson Coal Co., 268 Pa. 452. Here the controlling finding of the board was properly rejected by the court below because not supported by any competent evidence. True, the cause of death may be shown by circumstances (Flucker v. Carnegie Steel Co., 263 Pa. 113; Wolford v. Geisel M. & S. Co., 262 Pa. 454; Dannals v. Sylvania Twp., 255 Pa. 156), but any finding of such cause in the instant case, beyond the fact that it resulted from the hemorrhage, would be a mere guess.

The provision in sec. 427 of article IV of the Act of June 26, 1919, P. L. 642, 666, that, "If such court [of common pleas] shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination," is to afford the claimant a full opportunity to prove every fact favorable to the claim, but that object is attained when the record has been once remitted, and the common pleas is not called upon to continue remitting the record on subsequent appeals, nor was the failure to do so in the present case error; see Kuca v. Lehigh Valley Coal Co. supra.

The judgment is affirmed.