# Smith v. Philadelphia & Reading Coal & Iron Co., Appellant.

*Workmen's compensation—Injury in course of employment—Death—Declarations—Hearsay—Res gestæ—Evidence—Hearing—Review of findings.*

1. An award for death of a workman alleged to have been caused by a strain in the course of his employment, cannot be sustained where there is no direct evidence of the accident, and the only evidence offered on the subject is declarations made by decedent to his son two hours after the alleged accident and to his wife at the end of the day to the effect that he had been strained in the course of his work. Such declarations are pure hearsay.

2. To be admissible as part of the res gestæ, declarations must be the spontaneous utterances accompanying or immediately succeeding or preceding the act in question, so near in point of time or place as to be in reality a part of it, and not the designed statements of the actors or the recital of a past event.

3. Evidence that deceased was in apparent good health in the morning, and later in the day did not look well, amounts to nothing; unless there was competent evidence as to why he looked ill.

4. In a workman's compensation case, where the question of whether or not decedent was injured in the course of his employment, is sought to be inferred from certain basic or underlying facts, which are said to have been proved, the question whether or not there is evidence to support them is one of law and may be reviewed, but, if such evidence appears, the finding is one of fact, and is not the subject of review.

Argued May 12, 1925. Appeal, No. 312, Jan. T., 1925, by defendant, from decision of C. P. Northumberland Co., Sept. T., 1923, No. 539, and Feb. T., 1925, No. 300, confirming award of Workmen's Compensation Board, in case of Anna Smith v. Philadelphia & Reading Coal & Iron Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from award of Workmen's Compensation Board. Before LLOYD, J.

The opinion of the Supreme Court states the facts.

Award confirmed. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Voris Auten,* with him *B. D. Troutman,* for appellant. —The evidence was insufficient to sustain the award: Riley v. Carnegie Steel Co., 276 Pa. 82; Onofrey v. Colleries Co., 274 Pa. 173; McCauley v. Woolen Co., 261 Pa. 312; Wolford v. Geisel M. & S. Co., 262 Pa. 454.

*Roger J. Dever,* for appellee, cited: Stahl v. Coal Co., 268 Pa. 452.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1925:

This is a proceeding by a widow to recover compensation for the death of her husband, which she alleges resulted from an injury received by him in a mine belonging to defendant in which he was employed. The referee awarded compensation, his conclusion was reversed by the compensation board and its action was overturned by the court below. Following the court's decision the board found in plaintiff's favor; this finding was confirmed by the common pleas, from whose judgment we have this appeal by defendant, on the ground that there was no competent evidence of an injury having been received by the decedent.

No one saw the alleged accident which is the foundation for plaintiff's right to an award. Her husband told her on his return home at the conclusion of his day's work that he had strained himself while engaged, as he was required to be, in throwing a chain weighing between 75 and 100 pounds. He had also stated to his son, who likewise worked in the mine, that about two hours previously he had strained himself during the course of his duties. It was shown that when the deceased went to his employment on the morning of the accident he was in good health, that after he had worked some portion of the day he did not look well, that when he returned home he was holding his side, that he sent for a physician two days after the alleged injury, that he was not able to return to work and died four days subsequent to that of the alleged injury from acute myocarditis, which it was testified could have been caused by a strain.

We pass over the medical testimony in the case, which it is argued pro and con is sufficient to show that the alleged strain was the producing cause of death, as not necessary to be considered because there is no adequate proof that the injury was sustained in the course of his employment. All that we have is the declaration of the deceased to his son, two hours after he claimed he

was injured, that he had strained himself in throwing
the chain and a like declaration to his wife on his re-
turn home at the end of his day's work. Their
testimony is pure hearsay,—the deceased's decla-
rations not a part of the res gestæ of the occurrence he
recited,—and there is nothing else in the case. That he
was in apparent good health in the morning and later in
the day did not look well can amount to nothing as a
circumstance in plaintiff's favor, unless there was com-
petent evidence as to why he looked ill. Claimant's
counsel cites to us Stahl v. Watson Coal Co., 268 Pa.
452, as authority for the proposition that where the tes-
timony offered in a claimant's behalf will support the
findings of a referee awarding compensation or where
proper inferences can be drawn from the testimony to
sustain a fact, the action of the compensation board is
final and will not be disturbed on appeal. What we
determined in that case is thus stated by Mr. Justice
SIMPSON (p. 454): "If the vital point in dispute is
claimed to have been established by direct proof, the
question whether or not there is evidence to sustain it
is one of law and may be reviewed; but, if such evidence
appears, the finding becomes one of fact and is not the
subject of review, though the referee and board might
well have decided the point differently, and the court
would possibly have done so......Where.....this vital
point [whether or not decedent was injured in the course
of his employment] is sought to be inferred from certain
basic or underlying facts, which are said to have been
proved, the question whether or not there is evidence to
support them is one of law and may be reviewed; but,
if such evidence appears, the finding is one of fact and
is not the subject of review." In that case we were re-
ferring to and considering "direct proof" and inferences
"from certain basic or underlying facts said to have been
proved." Our difficulty in dealing with the pending case
in the way appellee's counsel would have us do is that
not only is there no direct proof or proof of certain basic

or underlying facts, but no proof at all of the injury; there is nothing shown but the purely hearsay declarations of the deceased, so remote from the stated time of injury as not to come at all within the res gestæ rule. In Riley v. Carnegie Steel Co., 276 Pa. 82, we were dealing with declarations of a decedent for whose death compensation was claimed and with the res gestæ rule as applicable thereto. There, as here, death was alleged to have been due to a strain and no one saw the occurrence which was claimed to have given rise to it. Mr. Justice WALLING said (p. 84): "It was incumbent upon plaintiff to show her husband died from an accident sustained in the course of his employment...... This she sought to do by his declarations made to the doctor and also to herself, over ten hours after the accident; while in the meantime he had worked many hours, talked with many people, including his wife, ate his supper and gone to the doctor's office. There is no ground upon which such declarations were competent as evidence. To be admissible as part of the res gestæ, declarations must be the spontaneous utterances accompanying or immediately succeeding or immediately preceding the act in question, so near in point of time and place as to be in reality a part of it, and not the designed statements of the actors or the recital of a past event. In other words, where the declarations 'are made under such circumstances as will raise the reasonable presumption that they are the spontaneous utterances of thoughts created by, or springing out of, the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation and design, they will be admissible as part of the res gestæ.'......What a man stated to his wife...... as to the cause of his injuries is not competent as evidence unless part of the res gestæ......Excluding the declarations of [the decedent] as to the adding machine, there is nothing to support the finding of an accident, as the only one suggested was the strain resulting from

that cause and there is not a word of competent evidence tending to show he lifted the machine; hence, it cannot be assumed he was hurt thereby." We had occasion in the very recent case of Com. v. Gardner, 282 Pa. 458, to consider the subject of res gestæ declarations, and speaking through Mr. Justice KEPHART, at page 465, we said: "It [the res gestæ] ought to be confined to those utterances, made in connection with a startling event by one laboring under the stress of nervous excitement caused by it, which are spontaneous and not due to reflection, premeditation or design. It ought to be within the course of continued action. When produced under the excitement of the event, and so soon thereafter that the continuity is not broken, these circumstances preclude the idea of premeditation or design......Where the declarations are made after the event so that they could be said to be a mere narrative of what has happened rather than a spontaneous utterance, they are not admissible." In Onofrey v. Susquehanna Collieries Co., 274 Pa. 173, the case refusing compensation was summed up in this succinct statement, which is also applicable to the case at bar: "The only evidence to show that the injury, which is alleged to have caused the death, occurred during the course of Onofrey's employment, or on the premises of defendant, was testimony by claimant to the effect that on a certain night her husband left his house at nine o'clock and returned between eleven and twelve o'clock, when 'he said he fell in the mines and complained of his head.' On this meagre bit of proof the compensation authorities very properly declined to find the required basic fact that Onofrey died from an injury received in the course of his employment, and the court below correctly approved their decision." Measured by these rulings, it is obvious that the declarations made by the decedent to his son and to his wife were not admissible in evidence; with them out of the record there is nothing to show that the deceased met with an injury. It follows, therefore, that there was no competent testi-

mony in the case on this vital question, and, in its absence, no judgment can be sustained. The workmen's compensation board was correct in its determination that the happening of the accident had not been proved by competent evidence and the court below fell into error in deciding otherwise and overturning the finding of the board.

The assignments of error are sustained and the judgment of the court below is reversed, with directions to enter it for defendant.