## INDIANA PORTLAND CEMENT COMPANY *v.* FRAZIER.

[No. 12,969. Filed October 13, 1927.]

MASTER AND SERVANT.—*On appeal from Industrial Board, Appellate Court considers only evidence favorable to appellee.*—In reviewing the sufficiency of the evidence to sustain a finding of the Industrial Board, the Appellate Court is limited to a consideration of the evidence favorable to the appellee, including such inferences favorable to the appellee as might have been fairly drawn by a jury trying the same questions.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Everitt Frazier, employee, opposed by the Indiana Portland Cement Company, employer. From an award of the Industrial Board, the employer appeals. *Affirmed.* By the court in banc.

*Slaymaker, Turner, Merrell, Adams & Locke, Paul E. Beam* and *William J. Goff,* for appellant.

*F. S. Hamilton,* for appellee.

McMAHAN, J.—Appellee filed his application for, and was awarded, compensation for an injury alleged to have arisen out of and in the course of his employment by appellant. Appellant contends the injury did not arise out of and in the course of the employment, but that it was caused wholly by a disease, and that the employment had nothing whatever to do with producing

the injury for which compensation was awarded. Appellant also objects to the sufficiency of the finding to sustain the award, but, viewing the finding as a whole, it is sufficient and not subject to the objection urged. The next contention of appellant relates to the sufficiency of the evidence to sustain the facts found. In determining this question, this court is limited to a consideration of the evidence most favorable to appellee, including such inferences favorable to appellee as might have been fairly drawn by a jury, if the matter had been triable by, and had been tried by, a jury. *Southern Product Co.* v. *Franklin Coil Hoop Co.* (1914), 183 Ind. 123, 106 N. E. 872; *Kauffman* v. *Bardo* (1925), 83 Ind. App. 482, 148 N. E. 496. Applying this rule, we find the evidence sufficient to sustain the finding.

The award is, therefore, affirmed.

Dausman, J., absent.