(No. 4897. May 24, 1928.)

LEORA BUTLER, Respondent, v. ANACONDA COPPER MINING COMPANY, Employer, and AETNA CASUALTY AND SURETY COMPANY, Surety, Appellants.

[268 Pac. 6.]

A. M. Waters and Morgan & Smith, for Appellants.

A. A. Mattson and C. E. Melvin, for Respondent.

BAKER, Commissioner.—The employer, Anaconda Copper Mining Company, and the surety, Aetna Casualty and Surety Company, seek to vacate an award of compensation made by the Industrial Accident Board, and affirmed by the district court, to Leora Butler, based upon finding that her husband, Frank M. Butler, died as a result of rupture of artery caused by unusual strain sustained in the scope of his employment.

The defendants' essential contentions are: (1) That physicians who testified on behalf of the claimant and gave expert testimony at the hearing before the commission member were not shown to possess the necessary qualifications; and (2) that the finding of the board to the effect that the rupture which resulted in the death was traceable to an accident is founded upon hearsay testimony alone.

No objection was made at the hearing that the physicians were not shown to possess the training and experience necessary to enable them to testify as experts. Objection must be made at the time such testimony is offered, otherwise it is waived. In the absence of objection it is assumed the adverse party was satisfied the witnesses were competent to testify and their qualifications cannot be later questioned. (*Brumley v. Flint*, 87 Cal. 471, 25 Pac. 683; *Robinson v. Marino*, 3 Wash. 434, 28 Am. St. 50, 28 Pac. 752; *Texas Midland R. R. v. O'Kelley* (Tex. Civ. App.), 203 S. W. 152.)

■■ The testimony of the widow, the coemployees and the physician of statements made to them by the deceased at periods varying from one to six days after the date of· injury as to the cause of the injury and the circumstances thereof was not admissible and was not, standing alone, competent or sufficient evidence to sustain a finding. (*Ginsberg v. Burroughs Adding Machine Co.*, 204 Mich. 130, 170 N. W. 15; *Smith v. Philadelphia & Reading Coal & Iron Co.*, 284 Pa. 35, 130 Atl. 265; *Riley v. Carnegie Steel Co.*, 276 Pa. 82, 119 Atl. 832; *McCauley v. Imperial Woolen Co.*, 261 Pa. 312, 104 Atl. 617; *Bolton v. Columbia Casualty Co.*, 34 Ga. App. 658, 130 S. E. 535; *Valentine v. Weaver*, 191 Ky. 37, 228 S. W. 1036; *Eastlick v. Southern Ry. Co.*, 116 Ga. 48, 42 S. E. 499.)

■ The receipt of incompetent evidence does not require a reversal if there is competent evidence to sustain the finding. (*Ginsberg v. Burroughs Adding Machine Co.*, supra; *Valentine v. Weaver, supra; Hinrichs v. Davenport Locomotive Works*, 203 Iowa, 1395, 214 N. W. 585.) In determining whether there is sufficient evidence to support a finding of the board the same rules are applied by an appellate court as are applied when a verdict of jury or finding of a court is reviewed. The determination of questions of fact is for the ·board and a finding supported by either positive evidence or logically inferred from circumstances will not be disturbed. (*McNeil v. Panhandle Lbr. Co.*, 34 Ida. 773, 203 Pac. 1068; *Pfister & Vogel Leather Co. v. Industrial Com.*, 194 Wis. 131, 215 N. W. 815; *Indiana Portland Cement Co. v. Frazier*, 86 Ind. App. 406, 158 N. E. 249; *Ford Motor Co. v. Ford*, 128 Okl. 221, 262 Pac. 201; *Hartford Accident & Indemnity Co. v. Industrial Acc. Com.*, 202 Cal. 688, 262 Pac. 309; *Moody v. Industrial Acc. Com.* (Cal. App.), 260 Pac. 967; *Santa v. Industrial Acc. Com.*, 175 Cal. 235, 165 Pac. 689.)

■ Excluding from consideration the testimony of the various witnesses to statements made to them by the deceased, we are of the opinion the findings of the board are

sustained by competent evidence. The following facts are either admitted or are supported by conflicting testimony. ·For several years prior to March 16, 1925, Frank M. Butler, a man of more than ordinary strength and of very good health, had been employed by the Anaconda Copper Mining Company as a carpenter at its phosphate mines at Conda, Idaho. On the date mentioned he, with three other men, transferred a wagon-box, constructed of two-inch planks, reinforced with heavy sheet steel and of the total approximate weight of 850 pounds, from sled to wagon trucks. The men were so grouped about the wagon-box that Butler carried more than his proportion of the load. While performing this work it was observed by at least one of his coworkers that his face became red but no complaint was made by him at that time. Though he continued to work the balance of that afternoon he lagged behind the other men when going from the place of employment to his home in the evening. The following morning he left home without the knowledge of his wife and without breakfast. When he reached the mine he was plainly in a distressed physical condition, was unable to ascend the stairs without resting. He complained then and frequently thereafter of his condition. When his wife discovered that he had gone to work without breakfast she went to the place of employment, talked with him and later consulted, by telephone, a physician at Soda Springs. The physician, from the wife's description of her husband's condition, concluded he was suffering from pleurisy and prescribed, among other things, the application of mustard plasters. The plasters were applied to the chest at the point where the ruptured artery was later found. From March 16th the deceased was unable to perform the work he was accustomed to do and frequently complained of his condition. His coworkers observed his progressing disability, the difficulty he experienced in breathing, his inability to perform any work requiring any considerable physical exertion, that his face was haggard, that he had the appearance of being "down and out," and they often inquired as to his condi-

tion. He continued to decline in health until March 22d, when he was taken to a hospital, where he died within a few minutes. The attending physician at that time attributed his death to hemorrhage or to blocked blood circulation. Some time later the body was exhumed and a more complete examination was made by or in the presence of three physicians and surgeons. They found a small rupture of the innominate artery and a clot of blood in such condition as to indicate to them that the injury had been sustained several days before death and that the loss of blood through the rupture had been intermittent only and at such times as pressure in the artery was sufficient to break the seal formed by the congealed blood. Two of the physicians could attribute death to nothing other than the rupture and it to nothing but his unusual exertion in lifting an unusual load. No other explanation of the rupture or cause of death is more than hinted at by the defendants or by the physicians who testified for them, one of whom was present when the post-mortem examination was made. It is quite clear that the lifting of the wagon-box marked the beginning of his rapid decline in health.

We recommend that the judgment be affirmed. Since respondent's brief was not filed within the time provided by rule 43, costs should not be allowed therefor. (*Devereaux Mortgage Co. v. Huggins, ante,* p. 74, 266 Pac. 421.)

Varian and Brinck, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the judgment is affirmed. No costs allowed.