## Barsby v. Merck & Company et al.

*Axelroth & Porteous,* for plaintiff.

*Thomas Raeburn White* and *C. L. Cushmore, Jr.,* for defendants.

HEILIGMAN, J., Sept. 5, 1930.—This is a claim under the Workmen's Compensation Act, made by the widow of a decedent alleged to have died from a wound suffered while in the course of his employment. The finding of the referee disallowing compensation was overruled by the Workmen's Compensation Board and appealed by the defendant.

That the decedent died from a wound on his hand, causing blood poisoning and resulting in his death is admitted. The only question before us for consideration is as to the sufficiency of proof that such injury was inflicted in the course of the decedent's employment.

At the hearing held before the referee, counsel for the claimant offered in evidence a certified copy of the death certificate, which reads as follows:

"Certified copy of death certificate shows inquest held 2/1/29, on the body of Edward Barsby. The cause of death as follows: 'Cellulitis and Septicemia injuries to right hand while working at Merck & Co., 9th and Passyunk Ave.' Where was disease contracted if not at place of death 'Employer' (Signed) Fred Schwarz, Jr., Coroner."

To this offer counsel for the defendant objected on the ground that the same was incompetent except to prove the death of Edward Barsby. The referee in his ruling admitted the same for the purpose of showing that Edward Barsby died from cellulitis and septicemia, and not for the purpose of showing where he got it or how. Counsel for the claimant contends that this certificate shall be considered *prima facie* evidence of the facts stated therein and relies upon

section 21 of the Act of June 7, 1915, P. L. 900. This act of assembly provides, among other things, that the State Registrar of Vital Statistics shall, upon request, furnish any applicant a certified copy of the record of any death, etc., and when so properly certified by the State Registrar to be a true copy thereof, the same shall be *prima facie* evidence in all courts and places of the facts therein stated. The certificate offered in evidence in the instant case is a certificate issued by the coroner, and is not, in our opinion, such a certificate as is contemplated by the act of assembly quoted by counsel for the claimant. In our opinion, the only testimony to be considered is the testimony offered in evidence at the hearing before the referee. This testimony, in support of the contention of the claimant that such injury occurred in the course of decedent's employment, consists of certain statements made by the decedent himself after the injury, which statements claimant contended were a part of the *res gestæ*, and, therefore, admissible and competent testimony to prove the place where, and time when, the injury was inflicted. Over the objection of counsel for the defendants was admitted the statement to a Dr. Marshall, who treated the decedent's hand for the injury, that the decedent had scratched his hand on a machine in Karteller's department, that is, in the Merck Company plant, "about five or six days ago." This statement was made on Wednesday, Jan. 23, 1930, thus making the original date of the injury the 17th or 18th of January, and at that time the doctor treating the decedent for the injury stated that it was "no doubt several days old." The decedent on the same date stated to a nurse in attendance to the same doctor that he had received the injury on the Saturday before in the plant before he went home. There is a further statement made to the decedent's daughter at the decedent's home about Jan. 22nd, in which the decedent stated, upon inquiry by the daughter as to the reason for his hand being bandaged, that he, the decedent, had scratched it on a machine while at work. All of this testimony was objected to at the hearing as being incompetent and inadmissible because hearsay testimony.

The decedent was taken to the hospital on Jan. 25, 1930, and died from blood poisoning on Jan. 29, 1930.

We deem it unnecessary to go into a detailed discussion of the reasons for the existence of the hearsay rule with the many authorities now existent in this state as to the exception to this rule which permits statements because a part of the *res gestæ*. The only testimony offered shows conclusively that the above statements of the decedent were made at least four or five days after the occurrence which resulted in the injury. There is no testimony whatsoever that any one saw the occurrence at the time when the injury took place.

It must be admitted that such an injury as a scratch on the hand might well have taken place on any number of occasions while the decedent was not at work or in the course of his employment.

To admit such a declaration as a part of the *res gestæ* under the circumstances would be to extend existing laws as to admissible evidence to unlimited bounds. In Smith *v.* Philadelphia & Reading Coal & Iron Co., 284 Pa. 35, the decedent died from strain alleged to have been suffered while throwing a chain in a mine while at work. About two hours after the injury was alleged to have happened, the decedent told his son that he had strained himself in throwing a chain while at work in the mine, and made a like declaration to his wife on his return home at the end of his day's work. The court there declared that such evidence was inadmissible as hearsay and refused to admit the declarations of the decedent as part of the *res gestæ* as being

". . . so remote from the stated time of injury as not to come at all within the *res gestæ* rule." In Riley *v.* Carnegie Steel Co., 276 Pa. 82, which was a claim under the Workmen's Compensation Act, the court laid down the following rule: "To be admissible as part of the *res gestæ*, declarations must be the spontaneous utterances accompanying or immediately succeeding or immediately preceding the act in question so near in point of time and place as to be in reality a part of it and not the designed statements of the actors nor the recital of a past event." In Com. *v.* Gardner, 282 Pa. 458, it was said: "It [the *res gestæ*] ought to be confined to those utterances made in connection with a startling event by one laboring under the stress of nervous excitement caused by it, which are spontaneous and not due to reflection, premeditation, or design. It ought to be within the course of continued action. When produced under the excitement of the event and so soon thereafter that the continuity is not broken, these circumstances preclude the idea of premeditation or design. . . . Where the declarations are made after the event, so that they could be said to be a mere narrative of what has happened rather than a spontaneous utterance, they are not admissible."

Applying the above authorities to the instant case, we cannot but decide that the declarations of the decedent are entirely inadmissible. In McCauley *v.* Imperial Woolen Co., 261 Pa. 312, the court dealt at length with claims under the Workmen's Compensation Act. It is sufficient for the purpose of this case to cite a part of the opinion on page 326. "The act permits liberal investigation by hearing and otherwise; but after all the data has been gathered without regard to technical rules, then the proofs must be examined and that which is not evidence within the meaning of the law must be excluded from consideration; that is to say, when all the irrelevant and incompetent testimony has been put aside, the findings must rest upon such relevant and competent evidence of sound, probative character as may be left, be this either circumstantial or direct."

The evidence before the referee and the board did not justify the inference that the death of Mr. Barsby was caused by injury sustained by him in the course of his employment, and we are of opinion that the exceptions should be sustained.

When an exception to the award is sustained and the action of the board is reversed, it has been ruled that the record should be remitted to the board for further hearing and determination, as provided in article IV, section 427, Act of June 26, 1919, P. L. 642, 666. In furtherance of its humane purposes, the act gives the claimant every opportunity to produce evidence to sustain her claim, and, in directing that the report be returned to the Compensation Board for further hearing, opportunity is presented to produce such additional evidence: Kuca *v.* Lehigh Valley Coal Co., 268 Pa. 163; Riley *v.* Carnegie Steel Co., 276 Pa. 82.

It may be that the claimant may not be able to produce new testimony or that the testimony offered may be cumulative. In either case, it is the duty of the board to disallow the claim.

### Order.

And now, Sept. 5, 1930, after argument of counsel and upon consideration, the exceptions are sustained, the decision of the Workmen's Compensation Board is reversed and the record is remitted to the board for further hearing and determination as is provided in article IV, section 427, of the Act of June 26, 1919, P. L. 666.