Heite, Appellant, *v.* Vare Construction Co. et al.

Argued October 5, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William N. Trinkle,* with him *Frank F. Truscott,* of *Bell, Truscott, Henry & Sutton,* for appellant.

*Philip Price,* with him *Joseph A. DeLacy* and *Barnes, Biddle & Myers,* for appellee.

OPINION BY KELLER, P. J., December 17, 1937:

We agree with the learned judge of the court below, Judge LAMBERTON, that there is no competent evidence in the record to support the finding of the Workmen's Compensation Board that the claimant's husband sustained an accident, while in the employ of the defendant, which caused injuries resulting in his death on June 25, 1933.

The decedent was a night watchman in the employ of the defendant, Vare Construction Company, which was doing some construction work for the Pennsylvania Railroad Company near the bridge over the Schuylkill River at 33d Street, Philadelphia. He left his work at seven o'clock in the morning of March 9, 1933, and arrived at his home, 1413 N. 55th Street, about three quarters of an hour later. Subject to the objection of the defendant's attorney, the claimant testified that when her husband arrived home he was limping and told her that at six o'clock that morning while he was going by a fence along the railroad property at 33d and Oxford Streets, a "two by four board" which was leaning against the fence fell on his foot and injured his toe. No one else was present when the board fell. No one testified to the presence of such a board on the premises where he was employed. There was no apparent reason or purpose for its being there. The employee told no one of the accident until he got home. The toe was then "swollen and the nail had gone black." There is

no reasonable doubt that his death occurred as the result of an injury to the toe. A gangrenous condition developed which resulted in his death. But there is no competent evidence that the injury was received while he was at work on the employer's business; nor are the circumstances of the accident such as to point to its occurrence while in the course of his employment rather than at some other time and place. If a board or plank fell on his foot, it could just as easily and probably have fallen on it while on his way to work, or on his way home from work, as while at work. There was no natural connection between his work and the accident such as was present in *Nesbit v. Vandervort & Curry,* 128 Pa. Superior Ct. 58, 193 A. 393; *Broad Street Trust Co. v. Heyl Bros.,* 128 Pa. Superior Ct. 65, 193 A. 397, and *McCauley v. Imperial Woolen Co.,* 261 Pa. 312, 324, 104 A. 617. He had nothing to do with the handling of boards and the board leaning against the fence had nothing to do with his duties as a night watchman. The injury to the foot was not something naturally connected with his employment and could just as probably have occurred anywhere else as on his employer's premises. Hence the circumstantial evidence in the case did not support the theory of an accident *in the course of employment* as it did in the cases just above cited. We are therefore, left nothing, in support of the board's award, but the declarations to the claimant and her daughter made an hour and three quarters after the accident, of an occurrence which happened an hour before he quit work, and did not incapacitate him from performing his duties. Liberal as we are in the reception of such evidence, the declarations of the decedent cannot, under the decisions, be admitted as part of the res gestae. See the discussions in *Riley v. Carnegie Steel Co.,* 276 Pa. 82, 84, 85, 119 A. 832; *Smith v. Phila. & R. C. & I. Co.,* 284 Pa. 35, 130 A. 265; *McMahon v. E. G. Budd Mfg. Co.,* 108 Pa.

Superior Ct. 235, 239, 164 A. 850. The facts in the last-named case, as respects the time which elapsed between the accident and the declaration to the wife, were almost identical with this case, and the other circumstances in that case were more favorable to the claimant than those here present.

The assignments of error are overruled and the judgment is affirmed.