Thomas, Appellant, *v.* DeCommene et al.

Argued September 26, 1938.

490

Before Keller, P. J., Cunningham, Baldrige, Parker and Rhodes, JJ.

*Alexander F. Barbieri,* for appellant.

*John T. J. Brennan,* with him *Guy K. Bard,* Attorney General, *S. H. Torchia* and *Albert C. Richter,* for appellees.

Opinion by Parker, J., December 16, 1938:

In this workmen's compensation case the board affirmed the findings of fact and conclusions of law of a referee and awarded compensation to claimant for the death of her husband. On appeal to a court of common pleas a judgment was entered for the defendants. This appeal raises the question as to whether William R. Thomas was injured while in the course of his employment with one of the defendants.

The referee found that Thomas was employed by Mrs. DeCommene as a janitor, that he "was on duty, or on call, twenty-four hours every day," that while he was in the course of his employment on October 6, 1935, deceased "was taking a bath, during the course of which he slipped in the bath tub and fell, fracturing the seventh and eighth ribs," and that the accident aggravated a

pre-existing hypertensive cardiovascular disease and caused his death on October 27, 1935.

The defendants insist that there was no competent proof as to the circumstances under which or the place where Thomas suffered his injuries, and that even if certain hearsay proofs are accepted, they show that he had taken himself outside the course of his employment at that time. The court below held, we think correctly, that the proofs upon which claimant depended to show the time and place of accident were mere hearsay and that the other circumstances were not sufficient to form the basis of an inference that the injury had taken place on the premises of the original defendant while in the course of his employment with her. As the questions which frequently arise in workmen's compensation cases where the employee is injured while alone and dies before he has had an opportunity to testify are raised here, it is necessary to make reference to the proofs in some detail. Questions have been raised as to the admissibility of ante-mortem statements as exceptions to the hearsay rule and as to the inferences to be drawn from circumstances, all offered for the purpose of showing how and where an alleged accident occurred.

There was competent evidence tending to show that Thomas and his wife, the claimant, were employed by the original defendant as janitors for premises at 52 N. 13th Street by written agreements, the employment having continued for about twelve years. The decedent and the claimant were to occupy an apartment in the premises and they were to attend to the heater, keep "the halls clean and whatever odds and ends were to be done." He received as compensation $8 per month and the rental of the apartment which was fixed at $30 per month. The apartment was by written agreement leased to them at $30 per month and at the end of each year the rental was cancelled. There was a bathtub in the apartment occupied by decedent. The written agreements were presented but not offered in evidence. When

these agreements were produced there was a colloquy between the referee, counsel for the claimant and counsel for defendants as follows: "Referee: 'What hours are they to work?' Mr. Richter: [pro defendants] 'None are mentioned.' Mr. Barbieri: [pro claimant] 'And it gives them duties which require them to be there all the time. Mr. Richter: 'That is admitted.'"

In July, 1935 the claimant, being employed at Jefferson Hospital, left the apartment and did not see her husband again until after his death, all the janitor service thereafter being performed by him. William R. Thomas also did the janitor work in an office in an adjoining building for which he received $10 per month. He had been suffering for a considerable period from a hypertensive cardiovascular disease.

The only direct evidence as to the circumstances under which decedent received his injuries came from claimant's witness, Dubree, a tenant in the building, who testified that on October 6, 1935, at 8:30 A.M. he went to the premises and found decedent sitting on the first step on the ground floor with his head in his hands. Over the objection of defendants and subject to exception, the witness was permitted to give the following testimony: "He said he took a bath the night before and he was very sure he fractured his ribs and he had constant pain in the breast and in the back ...... He said he had fractured his ribs and he had fallen in the bath tub ...... Q. Did he say what time during that previous night he had taken this bath? A. He didn't say the hours. It was some time in the evening."

The deceased was subsequently treated at a hospital where it was ascertained that he had fractured his ribs. His chest was strapped with adhesive tape and he returned to the apartment the same day. On October 27, 1935 Thomas had an acute heart attack and died in a few minutes. There was competent testimony of a physician showing that the heart condition was aggravated by the accident and his death thereby accelerated.

The claimant presents a four-fold argument in support of the finding of the referee that the accident happened on the premises while in the course of his employment, to wit: (1) that at least part of the hearsay testimony, sufficient to sustain the finding, was not objected to; (2) that the evidence was properly received as part of the res gestae; (3) that the circumstantial evidence was sufficient to support the findings; and (4) that a hospital record printed with the evidence was sufficient to support the challenged findings.

We find no merit in the contention that there was not an objection raised to a portion of the hearsay testimony by the witness Dubree. It is true that every question was not objected to. Counsel for the defendant, however, made three distinct objections to the receipt of any evidence from Dubree as to his conversations with Thomas and there was a definite ruling thereon which we interpret as being intended to apply to all similar questions. A careful examination of this testimony convinces us that there was no indication of a waiver by defendant of his repeated objections.

We find no circumstances that bring this testimony within an exception to the hearsay rule. The statements were made from eight to twelve hours after the events detailed were alleged to have taken place. They were not utterances made spontaneously at a time closely related to the accident. There was nothing to indicate that the statements were spontaneous and were thoughts created by or springing out of the transaction itself and so soon thereafter as to exclude the presumption that they were the result of premeditation and design: *Riley v. Carnegie Steel Co.,* 276 Pa. 82, 84, 119 A. 832; *McCauley v. Imperial Woolen Co.,* 261 Pa. 312, 324, 104 A. 617; *McMahon v. Edw. G. Budd Mfg. Co.,* 108 Pa. Superior Ct. 235, 239, 164 A. 850. The declarations were too remote.

A closer question is presented by the suggestion that the circumstances were sufficient to form the basis of

an inference that Thomas had fractured his ribs as a result of a fall on the premises where he was employed, but we think the learned judge below reached a correct conclusion. It has been held in a number of cases under particular circumstances that circumstantial evidence was sufficient to support an inference that an employee in a workmen's compensation case had been injured while in the course of his employment of which *Johnston v. Payne-Yost Const. Co.*, 292 Pa. 509, 141 A. 481 and *Broad Street Trust Co. v. Heyl Bros.*, 128 Pa. Superior Ct. 65, 193 A. 397, are examples. We are here concerned with the usual problem as to the sufficiency of circumstantial evidence to prove a fact. The question presented is whether a reasonable and well balanced mind could fairly and reasonably infer from the competent evidence the circumstances under which Thomas was injured. The facts from which the proposition to be proved may be inferred are here very limited, to wit: that the defendant fractured his ribs and that he was found on the premises. There are, however, certain other countervailing facts to be taken into consideration. When the witness Dubree saw Thomas sitting on a step in the building it is fair to assume that there was nothing to indicate that the accident had occurred within a short period for undoubtedly under such circumstances the declarations would have been competent and such fact would have been shown. If the accident had just occurred the most natural thing would have been for the injured person to have so stated. No evidence was produced showing when deceased was last seen in an uninjured condition. There was, therefore, some considerable period to be accounted for during which the accident might have occurred. While the decedent was on the premises when seen by the witness Dubree he was able to move about and the testimony shows that he did. He had duties not only in this building but in an office in an adjoining building. The condition in which the witness found Thomas was due in

part to his heart condition, for that disease caused his death within a few weeks. His duties would naturally call him to the adjoining building and it would be reasonable to assume that he would make trips to stores to make purchases or to a restaurant for his meals for his wife had not been living with him for more than three months. Some violence would be required to fracture two ribs and a fall might be presumed to be a natural cause of such injury, but in the course of eight to twelve hours such a mishap might occur off the premises and outside the course of his employment.

The injury received was such as might have been suffered on the adjoining premises or on the street and was not one that was peculiar to the work performed by a janitor. An examination of some of the cases in which circumstantial evidence has been held sufficient to afford a fair inference that an injury has resulted from an accident in the course of a particular employment will show that there have been some outstanding facts that pointed to a particular cause to the exclusion of other possible suppositions. In *Johnston v. Payne-Yost Const. Co.*, supra, the deceased died from tetanus resulting from a burn on the nose. On a certain day when the employee went to work he was well and uninjured but when he returned from work he had a blister on his nose evidently caused by a burn. He had been engaged that day in burning brush for his employer. The Supreme Court there said: (p. 514) "We all know that one does not ordinarily burn himself on the nose; also that a fire of the kind described emits sparks and requires watching." It was held that in the absence of another explanation it would be a reasonable inference that the deceased was burned by such a spark.

In *Broad Street Trust Co. v. Heyl Bros.*, supra, it was part of the duties of the employee to fill barrels with syrup and roll them into an aisle. The barrels were made of wood with iron and wire hoops. His home was distant one block from his place of work. His quitting

time was at 4 P.M. and he came home at 4:15 with his right thumb bleeding from a cut or a scratch. As he came in the house and was proceeding to get some peroxide he told his daughter that he had cut his thumb on a hoop of a barrel at the plant. He later died from blood poisoning. It will be observed that the deceased there lived within a stone's throw of his work and that he came directly from his work with his hand still bleeding. We held that the circumstances all pointed to an injury while at work rather than while on the short walk home. There again the injury was one that a reasonable mind would associate with the rolling of wooden barrels with iron or wire hoops and as a source of infection. In the case we are considering there was nothing connected with the work of a janitor that would suggest that the work performed was likely to result in fractured ribs to the exclusion of other possible explanations.

Finally, the claimant relies on a record of the Hahnemann Hospital which is printed at the end of the testimony returned by the referee. This writing shows that Thomas was treated in that hospital for fractured ribs on October 9, 1935 and discharged the same day. This date was three or four days after the alleged date of the accident. We might say in this connection that there is considerable confusion in the testimony as to the exact date of the alleged accident. That hospital record shows: "History and nature of accident and treatment: Fell in bath room while opening a drain (following a bath) X-rayed. Strapped chest with adhesive." Counsel for defendants answers that this hospital record was never offered in evidence. While the record was copied at the end of the testimony, there is nothing to show that it was in fact offered or received in evidence. A hospital record is "evidence of the medical and surgical matters stated therein," but is not to be taken as conclusive proof of such matters: Act June 2, 1915, P. L. 736, §422, amended June 26, 1919, P. L. 642 §6 (77 PS §835).

Even if we were warranted in assuming that this record was in fact received in evidence, we would certainly not assume that it was admitted for purposes or with effects not contemplated by that statute. The fact that there had been an accident might concern medical or surgical matters, but not the facts as to where the accident occurred. It is clear that this hearsay testimony claimed to be shown by the hospital record cannot be assumed to be properly proven when defendants had no opportunity to enter an objection to its receipt for all purposes.

We think this case is ruled by *Heite v. Vare Const. Co.,* 129 Pa. Superior Ct. 204, 195 A. 437, where a similar situation is discussed by President Judge KELLER, rather than by *Broad Street Trust Co. v. Heyl Bros.,* supra. A comparison of these two cases will throw further light upon the situation.

The defendant further argues that even if we assume that the accident occurred on October 5th in the bathroom in deceased's apartment on the premises, Thomas was not then in the course of his employment with Mrs. DeCommene. This presents an interesting legal question but the record is not in a satisfactory state to decide the question which is argued. We, therefore, prefer to dispose of the case upon the grounds first mentioned.

Judgment affirmed.