Baker *v.* Freed et al., Appellants.

Argued December 12, 1939. 

 Before KELLER, P. J., CUNNINGHAM,
BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Henry Thomas Dolan,* with him *Robert C. Duffy* and
*Fox & McTighe,* for appellants.

316

*Jesse R. Evans,* with him *John B. Evans* and *C. Edmund Wells,* for appellee.

OPINION BY CUNNINGHAM, J., January 30, 1940:

This is an appeal by the employer and its insurance carrier from a judgment entered upon an award of compensation in favor of the claimant widow and a minor son for the death of her husband.

Kryder Baker, the decedent, was, and for three years previous to July 18, 1936, had been, employed by Warren H. Freed, a country butcher, to drive a truck daily over an established route near Pottstown and sell meat at retail to various customers along the way. He died August 12, 1936, of acute septicemia, originating in his left leg.

The referee's ultimate finding of fact, adopted by the board, reads: "After carefully considering all of the testimony both lay and medical, your referee is of the opinion that the decedent was accidentally injured on July 18, 1936, while in the employ of the defendant; and that the said injury resulted in a septicemia setting in, which resulted fatally on August 12, 1936."

The question of law involved is whether there is competent evidence upon this record supporting that finding.

It is not controverted that Baker's death resulted from an injury to the shin and calf of his left leg which became infected. The claim by his widow was contested upon the ground that she had failed to show the injury was received in the course of her husband's employment with Freed.

In the claim petition it was alleged that decedent "fell upon the running board of delivery truck of employer, ...... injuring his left leg ......" Two kinds of evidence were adduced in support of the claim; first proof of a series of circumstances tending to support an inference that the decedent must have received his injury while serving his employer's customers that day; and, secondly, proof, over the objection of counsel for

appellants, of certain declarations of decedent to that effect.

The evidence may be thus summarized: The decedent, forty-four years of age, was in good health prior to Saturday, July 18, 1936. He had worked continuously, excluding Sundays, for three years in the same employment,—driving Freed's truck over the route—without missing a day by reason of ill health. His duties consisted of driving and getting in and out of the truck while calling on customers and selling them meat at retail—in short, all the duties of a salesman and driver for a country butcher who sells from house to house.

Saturday was his busiest day. On the Saturday with which we are concerned his wife drove him to work, as was her custom; they arrived at defendant's butcher shop about 3:30 in the morning. She next saw her husband when she went for him about 5:15 that evening, and noticed he was then limping. She testified she heard her husband at that time say to defendant's son, Woodrow Freed, who paid the men for his father, "Today I fell on the truck and hurt my leg."

Virginia Nonnamaker, one of Baker's regular customers on the route and who had known him from childhood, testified she noticed, when he was delivering meat to her during the afternoon, that he "could hardly get out" of the truck and was limping badly—to such an extent that she offered to get him a doctor. She also testified, under objection, that Baker at that time "said he slipped and complained ......"

Baker's wife bathed his left shin and calf with epsom salts solution upon arriving home that evening. The next day he called a doctor on the telephone and received instructions as to treatment. Although the infection was progressing, he endeavored to continue his work; his last trip was on August 1st; by that time he was unable to get in or out of the truck and took his brother along to do the work; thereafter he was confined to bed. The attending physician was Dr. Dotterer until August 10th, when he was taken to the Naval Hos-

pital in Philadelphia, where he died on the 12th. The death certificate stated the causes of death as "Acute pemphigus 12 days ...... Acute septicemia 3 days ......"

The employer during his cross-examination stated Baker reported for work daily around four o'clock a. m., left on the truck between six and seven a. m., and returned around six in the evening. In answer to the question, "And he would be on the truck during that time?" Freed replied, "Yes, sure he was."

One of the subsidiary findings of the referee indicates it was based, in part, upon the decedent's declaration to the employer's son. When the case reached the court below upon the employer's appeal, that tribunal, in an opinion by DANNEHOWER, J., held that neither the declaration to Woodrow Freed, nor the one to Mrs. Nonnamaker, was admissible as a part of the res gestae and that both should be excluded in disposing of the question of law raised by the appeal. After a review of the circumstantial evidence, the common pleas reached the further conclusion that "aside from these declarations, there is sufficient evidence of record as to material circumstances, from which the fact can be found that the deceased had an accident."

■ Under the principles announced in *Riley v. Carnegie Steel Co.*, 276 Pa. 82, 119 A. 832; *Johnston v. Payne-Yost Const. Co. et al.*, 292 Pa. 509, 141 A. 481; *Guyer v. Equitable Gas Co.*, 279 Pa. 5, 123 A. 590, and followed in *Smith v. Welsh Bros. et al.*, 102 Pa. Superior Ct. 54, 156 A. 598; *McMahon v. Edw. G. Budd Mfg. Co. et al.*, 108 Pa. Superior Ct. 235, 164 A. 850; *Thompson v. Conemaugh Iron Works et al.*, 114 Pa. Superior Ct. 247, 175 A. 45; *Nesbit v. Vandervort & Curry et al.*, 128 Pa. Superior Ct. 58, 193 A. 393; *Broad St. Tr. Co. v. Heyl Bros. et al.*, 128 Pa. Superior Ct. 65, 193 A. 397; *Heite v. Vare Const. Co. et al.*, 129 Pa. Superior Ct. 204, 195 A. 437; *Roth v. Locust Mountain State Hospital et al.*, 130 Pa. Superior Ct. 1, 196 A. 924, and *Thomas v. DeCommene et al.*, 133 Pa. Superior Ct.

489, 3 A. 2d 41, we think the court below did not err in excluding the declarations of the decedent when passing upon the question whether this record contains competent evidence supporting the above quoted ultimate finding of the referee. There is, however, one feature of this case which, while not controlling, should not be overlooked.

The employer, while on direct examination, stated he talked with Mrs. Nonnamaker after Baker's death and that "she said he (Baker) told her he was bumped on the shin . . . . . ." When the defendant himself introduces the substance of the previously objected to declaration, he cannot complain if it is received. Cf. *Van Eman v. Fidelity & Casualty Co. of N. Y.*, 201 Pa. 537, 51 A. 177 at pages 541-542.

Moreover, where the fact that an accidental injury occurred in the course of employment is sufficiently established by circumstantial evidence, hearsay testimony, not inconsistent therewith, if relevant and material to the fact in issue, may be considered for whatever additional light, if any, it throws upon the matter: *Nesbit v. Vandervort & Curry,* supra, [128 Pa. Superior Ct. 58 at page 62, 193 A. 393.]

■ In our opinion, there were sufficient circumstances shown by the evidence produced before the referee to sustain a finding of injury by accident in the course of deceased's employment, entirely apart from, and without considering, any of his declarations.

Many cases have previously been decided, both in the Supreme Court and this court, dealing with the question here presented. It would serve no useful purpose to here review each case separately. They do not admit of ready classification except as the circumstances were, or were not, held sufficient to show an accidental injury suffered while in the course of employment. A list of cases in which circumstantial evidence was held sufficient to sustain an award or verdict, leaving out of consideration declarations of the deceased as not coming within the rule of res gestae, will be found in *Nesbit*

*v. Vandervort & Curry et al.,* supra, at page 62, [128 Pa. Superior Ct. 58] and in *Broad St. Trust Co. v. Heyl Bros. et al.,* supra, [128 Pa. Superior Ct. 65] at pages 69-70. To these may now be added *Roth v. Locust Mt. State Hospital et al.,* supra, [130 Pa. Superior Ct. 1]. Cases holding the circumstances insufficient to support a finding of accidental injury while in the course of employment are: *McMahon v. E. G. Budd Mfg. Co.,* supra, [108 Pa. Superior Ct. 235], *Heite v. Vare Const. Co. et al.,* supra, [129 Pa. Superior Ct. 204], *Thomas v. DeCommene,* supra, [133 Pa. Superior Ct. 489]. Cf. *Ceccato v. Union Collieries Co.,* 137 Pa. Superior Ct. 174, 8 A. 2d 422.

On this question, as on that of the admissibility of declarations as part of the res gestae, each case must ultimately be resolved on its own cumulative set of facts and circumstances. Comparisons are useful principally as aiding in determining the quantity and quality of circumstantial proof essential to sustain a finding. The applicable test was recently succinctly stated by Judge PARKER in *Thomas v. DeCommene et al.,* supra, [133 Pa. Superior Ct. 489] as follows: (page 494) "We are here concerned with the usual problem as to the sufficiency of circumstantial evidence to prove a fact. The question presented is whether a reasonable and well balanced mind could fairly and reasonably infer from the competent evidence the circumstances under which [the decedent] was injured."

A review of certain of the salient circumstances established by the evidence in this case, discloses, we think, an ample basis for the finding of an accidental injury to Baker while in the course of his employment on his route that day. His duties required him, in the course of a day's work of ten or more hours, to get off and on the truck repeatedly. The nature of the employment itself indicates not merely the possibility, but indeed a strong probability, of just such an injury as is alleged to have occurred. Independent of any declarations, he was *seen* by a customer to be injured and limping, while

engaged in the active duties *of his employment.* He was perfectly well when he started on his route, but when he returned his wife, who was waiting to take him home, saw immediately he had been injured and began treating his leg that night. There was here no period intervening between quitting his work and his arrival home, during which he might have suffered the injury, as in *Heite v. Vare Const. Co. et al.,* supra, and *Thomas v. DeCommene,* supra. The employer admitted Baker's duties required him to be on the truck all day. The nature and place of the injury indicate it could naturally and probably have been received in getting off or on the truck. No circumstances inconsistent with the hypothesis of an injury by accident in the course of his employment appear in the evidence upon either side.

We agree with the court below that, although the compensation authorities relied to some extent upon incompetent hearsay evidence, there is competent evidence upon the record of circumstances which place this case upon the compensable side of the line. Finding, as we do, sufficient competent evidence to sustain their conclusions, the assignments of error to the judgment upon the award must be overruled.

Judgment affirmed.