Barkus *v.* Thornton-Fuller Company et al.,
Appellants.

Argued March 13, 1945. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*Raymond J. Porreca,* with him *Raymond A. White, Jr.,* for appellants.

*David L. Ullman,* for appellee.

OPINION BY DITHRICH, J., April 26, 1945:

This is a workmen's compensation case in which the claimant suffered almost complete blindness. The referee found that the injury was caused by an accident, classified the claimant as a "nondescript on the labor market," and awarded compensation for total disability. Both the board and the court below affirmed. The employer-defendant and its insurance carrier bring this appeal.

Claimant, Charles Barkus, was employed by defendant, Thornton-Fuller Co., as a motor tester. There was no useful vision in his right eye, because of glaucoma, but there was normal vision and tension in his left eye. He worked on Army trucks which were parked side by side about six feet apart in an assembly line. Occasionally it was necessary to do welding on these trucks, and this was done with a portable welding machine, around which a heavy cloth screen was sometimes placed as a guard or shield. Claimant was on the night shift and about two o'clock in the morning, the time of the incident, he was working in the cab of one of the trucks. Someone shouted his name and he looked out the side window. Then, as claimant testified he later told an investigator for his employer, "I got a flash from the welder." Someone was in between the trucks with a portable welding machine, not more than three feet away. The brilliant light from the unshielded welding machine caused his eyes to smart, his vision was so impaired that he could not continue to work, and he was taken home by a fellow employee. Claimant now has 76.5% visual acuity of his left eye and 25% visual efficiency of that eye.

The first question raised by appellants is whether

the facts constitute an "accident." Although the act defines the terms "injury" and "personal injury,"[1] it does not define the term "accident." "The word 'accident'—as used in the act—must be interpreted in its usual, ordinary, popular sense.": *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 164 A. 724. "...... if the incident which gives rise to the injurious results complained of can be classed properly as a 'mishap,' or 'fortuitous' happening—an 'untoward event, which is not expected or designed'—it is an accident within the meaning of the workmen's compensation law": *McCauley v. Imperial Woolen Co.*, 261 Pa. 312, 327 104 A. 617, 622. "To be an accident, within the workmen's compensation law, the injury must usually result from some undesigned event occurring at a particular time;": *Mauchline v. State Insurance Fund et al.*, 279 Pa. 524, 526, 124 A. 168, 169. "To constitute an accident, there must be some untoward occurrence aside from the usual course of events.": *Gausman v. R. T. Pearson Co.*, 284 Pa. 348, 354, 131 A. 247, 249.; *Good v. Pennsylvania Dept. of Property and Supplies et al.*, 150 Pa. Superior Ct. 187, 28 A. 2d 25. Case after case repeats these definitions of an accident and there is no necessity to review them further. It is sufficient to say that the instant case conforms to their requirements. The sudden exposure to the intense light of the welding arc was a "mishap," an "untoward event" or "fortuitous happening." It was unexpected and "aside from the usual course of events." As the opinion of the board aptly puts it: "...... there was a concatenation of untoward circumstances which must be construed as an accident. The arc was dangerously close, it was unshielded and the shock to the claimant's eye by the extra-

---

[1] "The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean only violence to the physical structure of the body and such disease or infection as naturally results therefrom; ......" Act of June 2, 1915, P. L. 736, as last amended 1939 P. L. 520, 77 PS 411.

ordinarily brilliant beam of light was as certainly a trauma as it would have been if the claimant had been struck by something more tangible in substance." The proof adduced by the claimant relates to an objective happening—the flash of the welding arc—and not alone to the subjective feelings or symptoms caused by the flash. There is sufficient competent evidence upon which to base the finding of an accident. It is well settled that if there is competent evidence to support the finding and conclusions of the referee and board, they cannot be disturbed by the courts: *Petrovan v. Rockhill Coal and Iron Co.*, 130 Pa. Superior Ct. 58, 196 A. 516; *Williams v. John B. Kelly Co., Inc.*, 128 Pa. Superior Ct. 228, 230, 193 A. 97. And likewise, the credibility of the witnesses is for the fact finding bodies and not for the courts: *Icenhour v. Freedom Oil Works Co.*, 136 Pa. Superior Ct. 318, 7 A. 2d 152.

Appellants' next contention is that the claimant failed to give notice of the injury within the time prescribed in the act. There is ample evidence to show that notice was given. The injury was immediately reported to claimant's foreman and to the nurse in charge of the defendant's infirmary and two days following the accident when an investigator employed by defendant called on claimant at his home to ascertain why he had not reported to work, he was told that the claimant had had an injury to his eye caused by the flash and that the eye was to be operated on. There is testimony to the contrary, but since the issue is solely one of credibility, it is not the province of this court to inquire into it. It is the prerogative of the compensation authorities to give the testimony such consideration as it may deserve, and to accept or reject it in whole or in part accordingly. *Zbirowski v. John T. Lewis & Bros. Co.*, 130 Pa. Superior Ct. 222, 196 A. 606; *Icenhour v. Freedom Oil Works Co.*, supra.

Appellants contend that the causal connection between the accident and the injury has not been sufficiently

established by competent evidence. The standard of proof required is medical testimony to the effect that the accident "caused" the injury, not that it "could have" or "probably did." *Diehl v. General Baking Co.*, 154 Pa. Superior Ct. 33, 36, 34 A. 2d 833; *Query v. Allegheny Pgh. Coal Co.*, 141 Pa. Superior Ct. 517, 15 A. 2d 564. The expert must state plainly his professional view that the accident materially contributed to the ailments from which the claimant suffers: *Vorbnoff v. Mesta Machine Co. et al.*, 286 Pa. 199, 206, 133 A. 256; *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 3 A. 2d 995. In the instant case, claimant called two medical experts, both eye specialists. Dr. Catford, who was also his attending physician, when asked if he had an opinion as to whether or not the flash of the intense light was directly related to the loss of vision in the left eye, answered: "Yes. Q. What is your opinion? A. It was. Q. Do you think that the exposure to this flash excited the condition that resulted in the loss of vision of the left eye? A. With the history of the lack of any foreign body and the history he was all right before that, we think it was an exciting factor." Dr. Tassman, when asked for his opinion as to whether the intense flash from the electric arc light was a material and inducing factor to the attack of glaucoma in the left eye, testified: "I feel that the electric flash could certainly cause the acute glaucoma. Q. And, in your best professional judgment, do you believe it did cause the acute glaucoma? A. I believe it did, with all these facts you have given." These statements were direct and positive expressions of opinion and meet the standard of proof required. It is legally competent evidence sufficient to support the finding of a causal connection between the accident and the injury.

The remaining question raised by appellants concerns the award of total disability. Appellants contend that the award was not justified because the claimant has

not lost more than the useful vision of the left eye. While the claimant is not totally blind, his vision in the left eye is such as he would have looking through a long tube. The claimant was a skilled technician and his work required close coordination between eyes and hands. For this type of work he is no longer fitted, nor has it been shown that he is able to perform any other type of work. We think the award of total disability was justified.

The judgment is affirmed.