Hathaway *v.* Curtis Publishing Company et al., Appellants.

Argued December 13, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*George H. Detweiler,* with him *Robert A. Detweiler,* for appellants.

*Thomas Boylan,* with him *Robert M. Taylor,* for appellee.

OPINION BY DITHRICH, J., January 17, 1947:

After more than ten years of litigation, this widow's claim for compensation for the death of her husband, filed July 6, 1936, has at long last reached this court. It is here on appeal by defendant and its insurance carrier from the judgment of the Court of Common Pleas No. 7 of Philadelphia County, affirming the order of the Workmen's Compensation Board reversing the referee and awarding compensation.

As stated in the opinion by the learned president judge of the court below: "The matter is now before us on the concededly narrow issue of whether there was a sufficiency of competent evidence to support the finding of the Board that, on December 13, 1935, the decedent sustained an accident in the course of his employment while working on a printing press, when he accidentally slipped and came down suddenly on his right foot.

. . . . . .

"Turning to the evidence, it appears that a fellow employee, Frank Henry George, was an eye witness to the accident, the date of which he was unable to state, when he saw the deceased step off the running-board with his right foot, slip and land on the middle of the press, not losing his balance. This testimony was sought to be excluded on the theory that the witness was unable to fix the date of the occurrence. However, the deceased's foreman, McMakin, was called. He did not witness the accident, but did have a conversation with the deceased on December 17, 1935. It was then that deceased told McMakin that on December 13, 1935, he had slipped on stepping down from the running-board.

Dr. Sidney Repplier, plant physician, in charge of the dispensary, who testified that it was the duty of all employees to report their accidents to him, stated that on December 19, 1935, deceased had come to him and reported that six days previously . . . while stepping from one part of his press to another, the deceased made a misstep and came down heavily on his right foot, and felt a jarring sensation in the right lower segment of the abdomen. The doctor examined the deceased and found distinct tenderness in the right lower quadrant of the abdomen. . . . He sent the deceased immediately to the insurance carrier defendant's doctor.

"Now, . . . it would seem clear that a common sense view of the evidence of three witnesses, George, McMakin, and Dr. Repplier supports the finding of the Board. George was an eye witness to the occurrence. There was no evidence that the deceased had ever suffered any other than one single accident in the course of his employment, and the accident George witnessed corresponds in exact detail to that reported by the deceased to his foreman and to the plant physician. Admittedly, the reports given to the foreman and the doctor, would not, of themselves establish the happening of the accident, but combined with the testimony of the witness, George, they aided the Board in making its fact finding that the accident which George witnessed occurred on December 13, 1935.

.    .    .    .    .    .

"In this particular, see Zbirowski v. J. T. Lewis & Brothers Co., 130 Pa. Super. 222, 229-230. . . ." 196 A. 606, 609, 610.

See, also, *Nesbit v. Vandervort & Curry et al.,* 128 Pa. Superior Ct. 58, 193 A. 393; *Baker v. Freed et al.,* 138 Pa. Superior Ct. 315, 10 A. 2d 913.

The judgment is affirmed.