Bate *v.* West Point Marion Coal Company et al., Appellants.

Argued April 15, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Frank R. Crow, Jr.,* with him *W. C. Montgomery* and *Henderson, Parshall & Crow,* for appellants.

*A. J. Marion,* with him *Smith & Marion,* for appellee.

OPINION BY DITHRICH, J., July 17, 1947:

From an award of compensation by the referee, affirmed by the board, and sustained by the court of common pleas, the insurance carrier brings this appeal.

The only question involved is whether there was sufficient legally competent evidence to support the board's finding of fact "That on July 28, 1943, Thomas Bate, the decedent, while lifting a heavy timber in the course of his employment was struck a blow on the left rear of his head; that the blow caused a hemorrhage; that he died as a result of this injury on August 18, 1943."

There can be no question that the deceased met with an accident in the course of his employment and that it was promptly reported to his foreman. That is clearly established by the testimony of Arthur Lee, a fellow-employee, who had hold of the other end of the timber that struck claimant's decedent. Lee could not fix the exact date of the accident but he testified that he knew ". . . it was the last of July." His testimony corroborated by that of claimant who testified that the deceased came home from work about 1:00 p.m. on July 28, that he complained of a severe pain in his head, that she took him to the company's doctor on that date, and the testimony of the latter that ". . . I was not able to find the exact date but it was sometime along the last of July," was ample to justify the board in finding that the accident occurred on the date claimed. See *Hathaway v. Curtis Publishing Co. et al.*, 160 Pa. Superior Ct. 173, 50 A. 2d 750.

In this connection it is significant that defendant made no denial of the testimony of Lee that the accident was reported to the mine foreman within an hour of its happening. If the employer was in possession of evidence that the date of the accident as reported differed from the date it was claimed to have happened, it should have produced such evidence.

The evidence on which the compensation authorities found as a fact that decedent died as a result of an injury suffered in the course of his employment was fully reviewed in the opinion of the board and that of the court below, and no useful purpose would be served by again reviewing it here. Suffice it to refer briefly to the testimony of Dr. J. W. McMeans, who performed an autopsy on the deceased and who was called as a witness by defendants. He testified, in part, "If an injury to this man's head can be proved, I do not see how these alterations in the anterior pole of the right frontal lobe and the hemorrhage can be interpreted otherwise than being connected with such an injury." An injury having been proven to the satisfaction of the compensation authorities, a causal connection between the injury and the death would appear to have been rather conclusively established.

However, the credibility of the witnesses, including medical witnesses, and the weight to be attached to the testimony of each are matters exclusively for the board— the final fact-finding body in compensation cases—and not for the courts. *Wilkinson v. United Par. Serv. et al.*, 158 Pa. Superior Ct. 22, 43 A. 2d 408; *Barkus v. Thornton-Fuller Co. et al.*, 157 Pa. Superior Ct. 239, 42 A. 2d 320.

Judgment affirmed.