Ceccato *v.* Union Collieries Company, Appellant.

Argued April 11, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Edward J. I. Gannon,* of *Hazlett, Gannon & Walter,* for appellant.

*Fred J. Jordan,* with him *Murray J. Jordan,* for appellee.

OPINION BY CUNNINGHAM, J., October 2, 1940:

This case was previously before this court in 137 Pa. Superior Ct. 174, 8 A. 2d 422. As there indicated the broad question involved was whether there was competent evidence to support the finding of the compensation authorities that the death of claimant's husband, from streptococcic lymphangitis of the right leg, was attributable to an accidental injury received while working alone, twelve days previously, repairing a pump in defendant's mine.

As the decedent was unexpectedly summoned to repair the pump on a Sunday morning when the mine was not in operation, and as he was the only employee in the mine during the three hours required to make the repairs, claimant was unable to submit direct evidence of any accidental injury to her husband during the course of this employment.

It was not disputed that the immediate cause of her husband's death was a streptococcic infection which originated in his right knee. Her theory was that while working on the pump he accidentally struck his knee against a steel frame around it, causing a bruise and slight abrasion which furnished the port of entry for the germs. The facts preceding decedent's entrance into the mine and following his emergence therefrom and the circumstances under which he made certain declarations to fellow employees, a neighbor, his wife and the physicians, are detailed in our former opinion. We there stated three propositions of law are involved in this case:

(1) Whether any of the declarations of the decedent, received by the referee over the objections of counsel for the employer, were admissible as part of the res gestae; (2) Whether, excluding all proof of statements by the deceased relative to the manner in which he injured his knee, the record contains sufficient circumstantial evidence to support a finding that he suffered an "injury

by an accident in the course of his employment" that Sunday morning; (3) If so, does the medical testimony sufficiently show his death resulted from the injury.

As the court below had affirmed the referee and board without giving us the benefit of a discussion of any of these issues, merely remarking that "the record discloses sufficient competent testimony to support the findings," we deemed it proper to remit the record to that court so that it might, in the first instance, pass upon the legal issues involved. Upon the present appeal we have before us an able and thorough discussion of these issues in an opinion by SMITH, J., filed November 27, 1939. In it the conclusion is reached that the employer's appeal to the common pleas should be dismissed. From the judgment on the award in favor of claimant and decedent's minor children the present appeal was taken by the defendant company.

Upon the first issue—the admissibility of the declarations made by decedent after coming out of the mine—the statements are thus correctly summarized in the opinion of the court below:

"1. Complaint to Conti, his father-in-law, the first man with whom he had conversation after emergence from the mine, of an injury received in the mine while working on the pump. 2. Complaint to Lewis, who saw the injury while they were both under the shower, and to whom the explanation was made that the injury had been received while working on the pump. 3. Explanation made to Mrs. Granish, who saw him limping, had exhibited to her the injury, and heard from Ceccato the explanation that he had been injured in the mine. 4. Explanation to his wife, who saw him return from work limping, had exhibited to her the bruises, and heard from Ceccato the explanation that the bruises had been received in the mine while working on the pump. 5. Explanation made to Markland, the foreman, that the injuries had been received while working on the pump.

6. Explanation made to Dr. Miller and to Dr. Hobaugh, as part of the personal and medical history given each of the doctors, that the injury had been received while working on the pump in the mine."

In the next paragraph the opinion writer proceeds: "The court is of the opinion very definitely that these statements of the deceased" were properly admitted as part of the res gestae. We do not agree with this conclusion of the court below. Laying aside for the moment the statement to Conti, the first person to whom decedent spoke after leaving the mine, we think the remaining declarations were all inadmissible.

No fixed time with relation to the main event may be set up as a standard for the admission of hearsay declarations as part of the res gestae; each case must depend on its own facts and circumstances: *Com. v. Gardner*, 282 Pa. 458, 128 A. 87; *Johnston v. Payne-Yost Construction Co.*, 292 Pa. 509, 141 A. 481; *Smith v. Welsh Bros.*, 102 Pa. Superior Ct. 54, 156 A. 598. As Judge KELLER (now President Judge) stated in *Broad St. Trust Co. v. Heyl Bros.*, 128 Pa. Superior Ct. 65, 193 A. 397, at page 70: "The test is whether they were made under such circumstances as would raise the reasonable presumption that they were spontaneous utterances of thoughts created by, or springing out of, the transaction itself, and so soon thereafter as to exclude the presumption that they were the result of premeditation and design: *Riley v. Carnegie Steel Co.*, 276 Pa. 82, 84, 119 A. 832; *McMahon v. E. G. Budd Mfg. Co.*, 108 Pa. Superior Ct. 235, 239, 164 A. 850."

Comprehensive lists of cases setting forth the principles governing the admissibility of such declarations, particularly with reference to compensation claims, will be found in *Baker v. Freed*, 138 Pa. Superior Ct. 315, at page 318, 10 A. 2d 913, and in the recent discussion of the subject by Judge HIRT in *Smith v. State Workmen's Ins. Fund*, 140 Pa. Superior Ct. 602, 14 A. 2d

554. See also *Watson v. A. M. Byers Co.,* 140 Pa. Superior Ct. 245, 14 A. 2d 201.

The declaration to Conti may have been admissible under *Harring v. Glen Alden Coal Co.,* 332 Pa. 410, 3 A. 2d 381, citing *Johnston v. Payne-Yost Construction Co.,* supra, but under the conclusions we have reached upon the other branches of this case it is not necessary to pass definitely upon the matter at this time.

As respects the second proposition, the court below held that, eliminating all the declarations, the record still contains sufficient circumstantial evidence to justify the inference that decedent suffered an accidental injury during the course of his work in the mine. Our examination of the record has led us to the same conclusion. The rule of law here applicable was thus stated in *Adamchick v. Wyoming Valley Collieries Company,* 332 Pa. 401, 410, 3 A. 2d 377: "An accident cannot be inferred merely from an injury. There must be some evidence of an accident, either direct or *circumstantial, in the latter instance, clearly and logically indicating it.*" (Italics supplied).

We recently cited a number of cases dealing with this problem in *Baker v. Freed,* supra, a case comparable with the one now at bar and in which the circumstantial evidence was held sufficient to support the award.

This record contains competent evidence of these facts:

Before decedent went to work on the morning in question he was, and had been, a man apparently in good health and free from any knee injury. His home was only a half mile from the mine entrance. When he came out of the mine, after working three hours alone on the pump and before talking to the superintendent or taking a shower, he pulled up his trousers and showed his father-in-law, Conti, a "bump" on the side of his right knee.

About fifteen minutes later and while taking a shower

at the bathhouse on the company premises along with Robert Lewis, a fellow employee, the latter observed a "slight brush burn and bruise" on the outer part of decedent's right knee, which appeared to be a new wound. Lewis also noticed that as decedent was drying himself with a towel "he flinched when he touched his knee." When Ceccato arrived home about eleven or eleven thirty a. m. both claimant and a next door neighbor, Mrs. Granish, noticed he was limping. Before going into his house decedent showed Mrs. Granish a "red mark and a bruise" on his right knee. His wife washed a "little bruise" she found on her husband's knee.

After his wife treated the bruise, Ceccato "laid down" for several hours and stayed at home the remainder of the day, although he had intended to go to a ball game that afternoon. The next day, Armistice Day, November 11, 1935, he started on a hunting trip. He and his son, Ernest, who drove the car, left home at 8:30 a. m. and returned at 11:30. When they reached the place they intended to hunt, decedent's leg hurt him so much they drove back immediately, apparently without getting out of the car.

By Tuesday his right leg was swollen and very red, with pus below the knee cap. On the 17th he was taken to the hospital, where the infection kept spreading and his condition grew progressively worse until he died November 22, 1935.

As we view the case, the facts we have recited constitute a natural sequence of events clearly and logically indicating decedent accidentally injured his knee while in the mine. All of them are consistent with that inference and exclude with reasonable certainty the possibility that he received the injury some other place.

The issue of causal connection between the injury and his death requires no extended discussion. That the immediate cause of his death was "streptococcic lym-

phangitis, involving the entire right leg and abdomen and chest wall and side," is not questioned. The only controversy in the medical testimony is on the question whether the infection entered through the bruise and brush burn on the knee, or was brought about by some other and unrelated cause. There is no direct evidence in this record of any other possible cause. The testimony of Dr. J. M. Snyder, quoted at some length in our former opinion, is a definite statement of his professional opinon that the infection "was caused by this injury." His testimony, coupled with the circumstantial evidence, i. e., the prompt development and rapid spread of the fatal infection, furnishes an amply sufficient foundation for a finding of causal connection.

Counsel for claimant admit in their brief an error in computation of the award to Blanche and Joseph Ceccato for the period from August 18, 1941, until October 16, 1943. This period was erroneously computed as 164 and 6/7 weeks, whereas it is actually only 112 weeks. The error can be corrected by a modification of the judgment entered upon the award.

Judgment modified and as modified affirmed.