## Schuch, Appellant, *v.* Harbison's Dairies, Inc. et al.

Argued October 1, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Edwin A. J. Blank,* for appellant.

*Frank R. Ambler,* for appellee.

OPINION BY RHODES, J., December 8, 1942:

Claimant in this workman's compensation case filed, on March 2, 1939, a petition for compensation for the death of her husband. She alleged that the cause of his death, which occurred on October 27, 1938, was septicemia, and that it resulted from a blow on his right knee on October 5, 1938, while in the course of his employment. Defendant in its answer denied the happening of an accident, and alleged that death was due to pneumonia, and that it was from natural causes. The referee and the Workmen's Compensation Board twice disallowed compensation. On claimant's first appeal to the court below the record was remitted for more specific findings of fact. On the second appeal claimant's exceptions were dismissed, and judgment was entered in favor of defendant. This appeal was then taken by claimant.

Deceased's work consisted of "loading cases of milk on to a conveyor in a cold storage room," and his working hours were from 2:30 A.M. to 11:30 A.M. After the date of the alleged accident, October 5, 1938, he con-

tinued to work until October 14, 1938, when he came home from work at 6:30 A.M., and said that he was sick. He was treated by a physician for bronchial pneumonia, and was later sent to a hospital, where he died on October 27, 1938. The referee and the board found that the cause of deceased's death was bronchial pneumonia, and that no connection between any alleged accident, suffered by deceased in the course of his employment, and his death was established. There was a dispute as to whether the cause of death was merely pneumonia or septicemia. This question is academic in view of the referee's fourth finding of fact, which was affirmed by the board. See *Bakaisa v. Pittsburgh & West Virginia R. Co.*, 149 Pa. Superior Ct. 203, 27 A. 2d 769. It reads as follows: "4. That the decedent did not on October 5, 1938, sustain an injury by accident while in the course of his employment by the defendant."

Claimant testified that deceased came home on October 5, 1938, about noon, and that he was holding his right leg which was bleeding. She further testified in part as follows: "Q. Did he say when he bumped his leg? A. Yes, he said, He make water (?) and then he cleaned up and he bumped his leg ...... right before he come home from the work ...... Q. Did he say when it was? A. No, I can't remember." Deceased's daughter testified that he remarked: "Just before I came home I was rushing to get done and I bumped my leg." All of this testimony was taken subject to objection by defendant's counsel. His son's testimony is more indefinite. These statements were made about a half hour after deceased's working hours, and, although no fixed time with relation to the main event may be set up as the standard for the admissions of hearsay declarations as part of the res gestae (*Ceccato v. Union Collieries Co.*, 141 Pa. Superior Ct. 440, 444, 15 A. 2d 401), the testimony here is indefinite as to the time of the alleged accident. Deceased never dis-

closed the details of the accident other than the statement that he bumped his knee at work, and the record is silent as to where or when or under what circumstances it may have occurred. There is nothing to indicate that the utterances were spontaneous, and the board properly appraised this testimony as not part of the res gestae. See *Eckman v. United States Lock & Hardware Co. et al.,* 146 Pa. Superior Ct. 513, 515, 517, 23 A. 2d 232; *Heite v. Vare Construction Co. et al.,* 129 Pa. Superior Ct. 204, 206, 195 A. 437. In *Ceccato v. Union Collieries Co.,* supra, testimony approximating the nature of this testimony was held inadmissible. Judge CUNNINGHAM, quoting from *Broad Street Trust Co. v. Heyl Bros. et al.,* 128 Pa. Superior Ct. 65, at page 70, 193 A. 397, at page 399, there said (141 Pa. Superior Ct. 440, at page 444, 15 A. 2d 401, at page 403): " 'The test is whether [the declarations] were made under such circumstances as would raise the reasonable presumption that they were spontaneous utterances of thoughts created by, or springing out of, the transaction itself, and so soon thereafter as to exclude the presumption that they were the result of premeditation and design.' " See, also, *Allen v. Mack,* 345 Pa. 407, 28 A. 2d 783. There is not present here the course of events and the definite fixation of time, place, and manner as in *Hansky v. Jones & Laughlin Steel Corp.,* 149 Pa. Superior Ct. 605, 27 A. 2d 789, and *Broad Street Trust Co. v. Heyt Bros. et al.,* supra; nor was there circumstantial evidence presented clearly and logically indicating an accident in the course of deceased's employment (*Adamchick v. Wyoming Valley Collieries Co.,* 332 Pa. 401, 3 A. 2d 377) as in *Ceccato v. Union Collieries Co.,* supra.

Claimant's testimony that deceased was in good health when he left for work in the morning, and that he had a knee injury when he returned did not establish an accident in the course of his employment. *Eckman v.*

*United States Lock & Hardware Co. et al.,* supra, p. 519.

Even though we should conclude that deceased's statements to the members of his family were competent, there was no capricious disregard of this evidence by the compensation authorities. It was also considered by the board as if it were competent. The burden was on claimant to prove her case by a preponderance of the evidence. *Stauffer v. Susquehanna Collieries Co.,* 116 Pa. Superior Ct. 277, 280, 176 A. 740. As we said in *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, at page 333, 24 A. 2d 51, at page 53, in an opinion by President Judge KELLER: "Where the decision of the board is against the party having the burden of proof—in this case, the claimant—bearing in mind that a trier of fact is not *required* to accept even uncontradicted testimony as true (*District of Columbia's Appeal,* 343 Pa. 65, 79, 21 A. 2d 883, 890) the question before the court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. Unless the answer is in the negative, the order must be affirmed." See, also, *Seitzinger v. Fort Pitt Brewing Co.,* 294 Pa. 253, 258, 144 A. 79. Deceased never reported the alleged accident to the foreman in charge, although he had reported previous accidents, or made any statements to fellow workers. He continued to work from October 5, 1938, to October 14, 1938, and performed his work in the usual manner without complaint to anyone at the plant, and during this period he drove his automobile back and forth to work. The steward of deceased's union, to whom such complaints were also usually made, testified that on his visit deceased made no mention of an accident. As we have so often said, the credibility of the witnesses was solely for the referee and the board. *Martz v. Butler County Mushroom Farm, Inc., et al.,* 149 Pa. Superior Ct. 276,

27 A. 2d 765, 767; *Kennedy v. Holmes Construction Co.,
et al.,* 147 Pa. Superior Ct. 348, 356, 24 A. 2d 451.
Judgment is affirmed.