Williams *v.* Jones & Laughlin Steel Corporation, Appellant.

Argued April 12, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*William A. Challener, Jr.,* with him *William A. Challener,* for appellant.

*Jason Richardson,* with him *Frank R. Bolte* and *Francis M. Bechtold,* for appellees.

OPINION BY HIRT, J., July 19, 1944:

David Williams, son of claimants, was employed as a laborer in the shipping department of the cold strip mill of Jones & Laughlin Steel Corporation. On May 8, 1937, in pulling down a door he fell and injured his right shin. The skin was broken over a contused area about an inch in diameter. He reported to the company's emergency hospital at once and the wound was dressed frequently by a nurse in charge, until July 2, 1937. He continued to work in the meantime. On July 6, 1937 he appeared seriously ill and was referred to his family doctor. He was admitted to Mercy Hospital on July 15, 1937, and died six days later. In this proceeding for compensation it was established that claimants, prior to the death of their son, were partially dependent upon his earnings for support. An accident in the course of employment was proved. The disputed question was whether death resulted from the accident. The referee found, and the board adopted the finding, that shortly before July 7, 1937 "decedent became infected *through the wound* with streptococcus [staphylococcus] septicemia, which caused a degenerative heart condition, the heart condition causing petechial hemorrhages over the skin' of the hands, fingers and forearm and neck, and also a furuncle on the back of the neck, and the streptococcus [staphylococcus] septicemia caused a toxic condition of the claimant which resulted in his death on July 21, 1937." (Italics

added). The referee made an award which was affirmed by the board and the court. The issue in this appeal is whether there is competent evidence sufficient in quality to support the above finding of a direct causal connection between the injury from accident and death.

At Mercy Hospital, decedent was attended by Dr. W. J. Fetter, a specialist in internal medicine; the judgment for claimants must stand or fall on his testimony. Dr. Fetter testified that when he first saw the son on July 15, 1937, he "found a very sick young fellow, high temperature, quite toxic, petechial hemorrhages of the skin and heart murmurs; the picture suggesting a septicemia." A blood culture disclosed staphylococcus, confirming the diagnosis. He also found a scar from a recent furuncle or carbuncle back of the right ear, which had been treated by a family physician and was competely healed. A fibrous area on the shin indicated a contusion from the accident which also had healed. He testified that "staphylococcus is an invasion of the blood stream by the staphylococcus organism, usually through some portal of entry." Appellant points to the statement of this witness that he "took it for granted that the injury, the leg injury, inasmuch as it continued to cause trouble, was responsible for the infection—that is, that had been the portal of entry" and, to Dr. Fetter's response to the question, referring to the carbuncle on the neck: "And might that have afforded a portal of entry of the staphylococcus?" A. "That is possible. Any furuncle may be a portal of entry." Upon these isolated excerpts from the medical testimony appellant (invoking the principle of *Gausman v. Pearson Co.*, 284 Pa. 348, 131 A. 247 and *Watson v. A. M. Byers Co.*, 140 Pa. Superior Ct. 245, 14 A. 2d 201) contends that claimants have not met the burden upon them of individuating the injury of the shin as resulting in death, to the exclusion of another cause imposing no liability on defendant.

A meritorious claim should not be barred by the language of a random phrase extracted from the testimony of a medical witness if his testimony as a whole meets the standard required in establishing a causal connection between the injury and death. A critical examination of Dr. Fetter's testimony indicates that in reality he took nothing "for granted" in arriving at his conclusion. He ruled out infection through the carbuncle, as a cause of death unrelated to the accident, by his opinion testimony that the furuncle and other skin eruptions were caused by an infected valve of the heart—an "acute bacterial endocarditis due to staphylococcus pyogenous." He said: "It is rather common for metastatic infection to originate from heart valves in septicemia and cause skin infection." In his opinion the furuncle was caused by the septicemia and was not the portal of entry of the infecting organism. He attributed the lesion of the heart valves to infection from the wound on the shin and he summarized his conclusions in these positive statements: "It was my opinion that the primary injury to the leg was the portal of entry of the infection causing the septicemia" and "the primary cause of death was the septicemia." The weight to be given the testimony of medical experts and the reasonable inferences to be drawn from it are exclusively for the referee and the board. *Kennedy v. Holmes Const. Co.*, 147 Pa. Superior Ct. 348, 24 A. 2d 451. There is testimony that the scar on the shin when healed was still dark in color and there is support for the assumption of Dr. Fetter that the leg injury "had continued to cause trouble." Although it was a comparatively slight wound it did not respond to treatment. It required dressing 28 times in the company hospital over a period of 58 days.

The conclusions of Dr. Fetter are based upon a chain of circumstances in logical sequence pointing to a causal connection between the injury and death. His conclu-

sions are "strengthened by what actually happened": *Jones v. Phila. & Reading C. & I. Co.*, 285 Pa. 317, 132 A. 122. The proofs resting on the testimony of this medical witness meet the standard of *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 3 A. 2d 995. Even where there is a conflict in the medical testimony, as to causal connection between an accident and death, courts may not disturb an award if there is sufficient competent evidence to support it. *Chubb v. Alleg. Country Club*, 147 Pa. Superior Ct. 146, 24 A. 2d 550. Cf. *Ceccato v. Union Collieries Co.*, 141 Pa. Superior Ct. 440, 15 A. 2d 401.

Judgment affirmed.