## Mosser, Appellant, v. Mount Union Borough.

Argued October 23, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*I. Newton Taylor,* for appellant.

*Francis A. Dunn,* for appellees.

OPINION BY HIRT, J., December 12, 1945:

Claimant's husband, Samuel S. Mosser, had been chief of the borough's volunteer fire department for many years. With other members of the department he responded to a fire alarm in the early morning of December 5, 1942. A few minutes after 4 A. M. on his return to the fire house he collapsed and was dead. He had suffered two prior attacks indicating an abnormal heart condition. The board found: "That the coronary condition from which the decedent suffered was contributed to and aggravated by the exertion and inhalation of smoke while engaged in his duties as fireman and resulted in his death the immediate cause of death being coronary occlusion." Accordingly, the board made an award in favor of his widow claimant, concluding that: ". . . the exertion of the decedent, the inhalation of the smoke at the scene of the fire and the activity of the decedent at the time and place aforesaid constitutes an accidental injury." On appeal, the lower court reversed and entered judgment for the borough, on the ground, in substance, that the testimony as a whole does

not warrant a finding of any unusual exertion constituting an accident, and that the medical evidence does not show beyond mere conjecture that death resulted from more than the normal progress of an existing disease. We think the court viewed the testimony, and applied the law, too narrowly. The judgment will be reversed.

At 3 A. M. at the sound of the fire alarm, Mosser awoke, dressed hurriedly and ran to the fire house, a short distance from his home. He jumped on to the fire truck with other members of the department and was driven to a burning dwelling house in the township two miles from the borough. He was the first to enter the house and, because of the smoke-filled rooms, crawled on his hands and knees from the front door to the kitchen in the rear of the house, where he located the source of the fire in a burned out electric motor. The smoke was so dense and, from the burned motor, so pungent, that at least one other fireman who followed Mosser was obliged to leave the house. Mosser was active during the period of one hour in putting out the fire and in directing other firemen. He had been in apparent good health and showed no ill effects of his activity until his sudden collapse after his return to the fire house.

He had suffered a heart attack five years before, when he was confined to bed for two weeks, and a second similar, but lighter attack lasting a few hours, two years before. His family physician knew that he had a diseased heart and had advised him to resign from the fire department. Nevertheless we think that the medical testimony coming from this family doctor, establishes a causal connection by aggravation of his heart condition, between his activity at the fire, and his death. Such connection must be proven beyond a mere conjecture (*Garver v. B. K. Elliott Co.*, 155 Pa. Superior Ct. 511, 38 A. 2d 533) but under the circumstances, could not, and need not, be more definitely established than by positive medical opinion to that effect. The physician in his testimony frankly admitted the possibility that there may

not have been a relation between Mosser's activity at the fire and his death. But, again and again, he gave it as his professional opinion that Mosser's exertion, and inhaling of dense smoke, aggravated his heart condition and precipitated the occlusion. In his opinion the fact that the fatal attack did not occur immediately at the scene of the fire was not controlling, regardless of whether Mosser was exposed to carbon monoxide gas. Claimant's medical testimony meets the requirements of our cases. Cf. *Williams v. Jones & Laughlin Steel Corp.*, 155 Pa. Superior Ct. 435, 38 A. 2d 343. *Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 133 A. 256.

The board in its findings did not characterize Mosser's activity at the fire as *over*-exertion. But from its discussion that, clearly, is what the board implied. The board stated: "We consider it unusual and extraordinary for a fire chief, 61 years of age, to crawl on his knees on a floor of a house, on fire, inhaling dense smoke. The mere fact that the decedent was performing the work required of a fireman does not mean that all of his activity at the scene of a fire is his usual work. We believe this exertion was unusual and the rules incident to regular and usual occupations may not be here applied." Mosser in his regular employment was a clerk and assistant manager of a general store. For five years he had worked there steadily, unaffected by his heart ailment. All that he did as a fireman was foreign, in kind, to his regular employment. He was a volunteer, serving without pay, and he did whatever was necessary, under varying circumstances. The services which he rendered were occasional but they were intensive, and unusual for him.

We have recognized that the rule requiring evidence of over-exertion, to establish an accident, does not apply to the irregular and intermittent work of a volunteer fireman. *Foster v. State College Boro.*, 124 Pa. Superior Ct. 492, 189 A. 786. And a borough, which accepts the services of a volunteer, unfit for service because of

disease, is in no position to argue for a modification of that holding.

The circumstances, as well as the undisputed facts, support the conclusion of the medical expert and the findings of the board. Whether Mosser's activities at the fire would be sufficient to establish over-exertion, were he a professional fireman, is beside the issue in this case.

Judgment reversed; the record is remitted for the entry of judgment on the award.