Giordano, Appellant, *v.* Ralph J. Bianco, Inc.

Argued June 8, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Alexander A. DiSanti,* with him *Richard, Brian & DiSanti,* for appellant.

*Raymond J. Porreca,* for appellees.

OPINION BY WATKINS, J., September 17, 1964:

This is an appeal in a workmen's compensation case from the order of the Court of Common Pleas No. 5 of the County of Philadelphia, affirming the Workmen's Compensation Board's denial of benefits.

The claimant-appellant, Esther Giordano, is the widow of the deceased employee, Marino Giordano, who died on June 7, 1960, from a myocardial infarction. He was employed as a carpenter. The accident is alleged to have happened on June 1, 1960 in that he fell off a scaffold. No one saw the alleged accident. There was testimony by a man who lived across the street that he had abrasions on his nose and a scratch on his arm on the night of June 1; that he was working as a carpenter about one and one-half blocks from his home; there is no testimony that there were fellow workmen on the job; that he came home about one and one-half hours earlier than his usual quitting time; that the claimant and her daughter testified that he had a gash on his nose,

that he was holding his head and had a big scratch on his arm; that he looked very pale; and he said "he just fell off a scaffold at work"; that he went to lie down and didn't have supper that evening.

The decedent had a prior record of treatment for a heart condition. There was medical testimony that his death from a myocardial infarction was the result of the fall from the scaffold or that it contributed to the infarction.

The referee admitted the testimony of the claimant and her daughter as being a part of the res gestae and awarded benefits, making the following pertinent findings: "4. That on the aforesaid day while in the course of his employment with the defendant, claimant's decedent was struck by an overhead beam, causing him to fall from a scaffold, as a result of which he died of Myocardial infarction on June 7, 1960. 5. That the injury and fright attending the accident of June 1, 1960 when the decedent was struck by an overhead beam and thrown from a scaffold precipitated a heart attack which led directly to his death on June 7, 1960." And the following conclusion of law: "The Referee further concludes as a matter of law that the events described in Findings of Fact No. 4 constitute an accident within the provisions of the Pennsylvania Workmen's Compensation Act."

The board, on appeal, reversed the referee and substituted the following findings of fact: "FOURTH: The decedent, Marino Giordano, died on June 7, 1960, as the result of a heart attack. FIFTH: It was not established that the heart attack was the result of an accident in the course of the decedent's employment." And the following conclusion of law: "SECOND: Inasmuch as no accident was proven, the decedent's death is not compensable."

The basis of the board's opinion was to the effect that the only evidence of an accident was the state-

ments of the widow claimant and her daughter and that this testimony was inadmissible in that it was hearsay and not a part of the res gestae. The court below affirmed the board.

The question as to the admissibility of the testimony as being a part of the res gestae is a very close one. There is no evidence that fellow workmen were present on this job and there is no evidence that anyone saw the alleged fall. The proximity of the home to the place where he was working makes it a matter of minutes from the time of the alleged accident and the utterances and it can be inferred that as he left his work one and one-half hours before his usual quitting time his family were the first people he talked to concerning it.

Although it is weaker in having less additional circumstantial evidence to support the occurrence of an accident the facts are quite similar to *Jessie v. Dash,* 194 Pa. Superior Ct. 1, 165 A. 2d 280 (1960). In that case the accident was the falling of egg crates which struck the claimant in the face and eye and a sliver entered the eye. He was working alone and left work about one hour earlier than usual. His eye was red and swollen. He told his wife about the egg crate accident which had resulted in his eye injury. In this case and the present case both men continued working after the accident though there was testimony that he didn't "act the same" after the accident. We said in *Jessie v. Dash,* supra, at page 7: "We have held that such statements are admissible as 'verbal acts', spontaneous utterances of thoughts created by or springing out of the occurrence itself and so soon thereafter as to exclude the presumption that it was the result of premeditation or design. Broad St. Tr. Co. v. Heyl Bros., supra.[1] Or as stated in Com. v.

---

[1] Broad St. Tr. Co. v. Heyl Bros., 128 Pa. Superior Ct. 65, 193 A. 397 (1937).

Stallone, 281 Pa. 41, 126 A. 56 (1924), 'Although the question of time between the occurrence and the declarations is an important one it is not conclusive. Under particular circumstances the res gestae may extend over a considerable period of time and the criterion is whether the declarations are made under such circumstances as will raise a reasonable presumption that they were spontaneous utterances created by the transaction itself and so soon thereafter as to exclude the presumption of premeditation and design.' And as President Judge CARROLL of the court below puts it, 'In the instant case there is ample evidence to support the Board's finding that the statement of the decedent was generated by the excitation of the injury received rather than premeditation or design on his part. With this finding we concur. It must be noted that the decedent at the time of his injury was working alone. There were no fellow workers or foreman to whom he might relate the happening of the accident or from whom he might seek aid. Accordingly, he sought the haven of his home and upon his arrival and approximately thirty minutes after the accident for the first time had opportunity to explain what had happened and to seek aid from his wife. In view of these circumstances the delay in time did not destroy his spontaneity of the utterance and the testimony was admissible.' "

In *Nesbit v. Vandervort & Curry*, 128 Pa. Superior Ct. 58, 62, 193 A. 393 (1937), this Court said: "While awards in workmen's compensation cases cannot rest wholly on hearsay evidence, . . . the Workmen's Compensation Law, by its very nature, contemplates liberality in the admission of proofs and the inferences reasonably to be drawn therefrom . . . and where the facts are sufficiently established by circumstantial evidence, hearsay testimony, not inconsistent therewith, if relevant and material to the fact in issue . . .

may be considered for the additional light, if any, that it throws on the matter."

The claimant in this case contends that her husband's death was the result of an accident in the course of his employment; the defendant contends that death was due to natural causes. This accident might well have happened and the claimant still have died from natural causes. However, the board and the court below put it on the ground that there was no accident and that the board did not capriciously disregard any competent evidence of an accident in so determining, as the evidence of the accident was properly rejected as not being part of the res gestae.

True, there is little corroborative evidence in this case, only the testimony of the neighbor, the claimant and her daughter, that on the evening of the alleged accident they saw the gash on the nose and the scratch on the arm. There is no question that the statements would fall out of the exception to the hearsay rule in the strict interpretation of the law of evidence in the courts but in the informal atmosphere of the referee's hearings and in view of the admonition of liberality in the admission of proofs in these cases we are of the opinion that the statements of the claimant and her daughter should have been admitted. The credibility to be given these statements and the credibility of the medical testimony as to causation are, of course, for the board, which is not bound to believe, even uncontradicted testimony.

The case is remanded to the Workmen's Compensation Board for further proceedings in accordance with this opinion.

———

DISSENTING OPINION BY WRIGHT, J.:

I see no need to remand this case to the Board for further proceedings. Whether or not the testimony of

claimant and her daughter was admissible, and even if we assume the happening of an accident, it does not require a finding that the subsequent myocardial infarction was causally connected. On this controlling issue the testimony of claimant's medical witness, Dr. Mintz, was manifestly unconvincing. If decedent had an accident, it did not prevent him from continuing his employment. He collapsed while at work six days later. The record shows a previous heart condition. Dr. Castiglioni, who signed the death certificate, testified that it was a natural death. The employer's medical witness, Dr. Spelman, testified persuasively that there was no causal connection with any prior accident. It is my view that the Board did not err in holding that claimant had failed to sustain her burden of proof. I would affirm the order of the court below.