Chelden Radio Cab Company and Westmoreland Casualty Company, Appellants, *v.* Workmen's Compensation Appeal Board and Anna Horvath, Widow of George Horvath, Deceased, Appellees.

Argued October 5, 1973, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Earl T. Britt,* with him *Duane, Morris & Heckscher,* for appellants.

*David F. Kaliner,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, November 2, 1973:

The issue in this case is whether it was error as a matter of law for the Workmen's Compensation Appeal Board to affirm the finding of the referee that claimant-appellee's decedent was within the course of his employment at the time of his death. We find that it was not error.

Claimant-appellee's decedent was a cab driver for employer-appellant. His regular working hours were 5:00 p.m. to 2:30 a.m. However, it was not unusual for him to ask and receive permission to continue on duty until 6:00 a.m., which he had done on this night. At approximately 3:00 a.m., decedent stopped at a service station, visiting until 4:30-5:00 a.m. with two attendants on duty. Decedent then drove to a White Tower restaurant to obtain coffee and doughnuts for himself and the two attendants. Continuing, the hard facts are that he obtained three containers of coffee and doughnuts and was found between 5:30 and 6:00 a.m. behind the wheel of his cab with the lights on and the motor running, double parked, some blocks beyond the service station. The coffee and doughnuts were on

the front seat beside him. He was shot to death. The fatal wound was under the right armpit. The radio hand microphone was torn from its fittings and was on the back seat. There was every indication that he was shot by his assailant who was in the back seat at the time, and that decedent had his arms raised. The flag on the meter was in the "up" or "off" position and there was no notation of fare entered on the waybill.

It seems to this Court that those "hard facts" alone are sufficient to support the referee's finding, affirmed by the Board, that decedent was in the course of his employment at the time of his death. It does not require an excursion into the field of speculation to reconstruct the situation in which decedent, after obtaining his three take-out orders of coffee and doughnuts, secured a fare to the address where he was later found, and he was held up and killed by his fare. Indeed, there is hearsay evidence by a city detective who investigated the crime that a witness told him that he saw two individuals get into the decedent's cab after he obtained the coffee and doughnuts. Efforts were made to find this witness by both appellants and claimant-appellee, but he could not be located. This hearsay testimony is admissible. It can be considered, as it was here, along with the other testimony. *Giordano v. Bianco, Inc.*, 204 Pa. Superior Ct. 219, 203 A. 2d 396 (1964).

Much is made by appellant of the fact that no entry of a fare had been noted on the waybill, and that the fare flag was in the "up" or "off" position. This is evidence which could have been used if a contrary finding was being made. However, it is far from completely incompatible with the referee's finding. The flag may have been raised immediately when the cab stopped, and the facts would indicate that decedent never there-

after had an opportunity to make the entry on the waybill.[1]

The law with regard to this Court's scope of review in this type of situation is quite clear and is agreed upon by all parties. We must affirm unless we find the Board has committed an arbitrary and capricious abuse of discretion or error of law in affirming the findings of the referee. The other members of this panel have discussed and reviewed this law in recent decisions, Judge CRUMLISH in *Barr v. B. & B. Camper Sales,* 7 Pa. Commonwealth Ct. 323, 300 A. 2d 304 (1973), and Judge MENCER in *Stump v. Follmer Trucking Co.,* 4 Pa. Commonwealth Ct. 110, 286 A. 2d 1 (1972).[2] Reference to those cases makes it unnecessarily repetitious for us to review the law again here. As indicated above, we find no abuse of discretion or error of law.

Accordingly, we enter the following

ORDER

Now, November 2, 1973, the order of the Workmen's Compensation Appeal Board, awarding claimant, Anna Horvath, for herself, and her three minor children, death compensation, for the death of her decedent, George Horvath, at the rate of $60.00 per week, beginning October 23, 1970, and continuing thereafter up to but not including March 13, 1975, when the minor child, George K. Horvath, reaches the age of 18 years; com-

---

[1] The carrying of this fare was beyond the certificated authority of employer-appellant, but such practice was not unusual and was known to employer-appellant. Understandably, the illegal nature of this transaction as a bar to recovery was not pressed by appellants before this Court, not being included within the statement of the question involved or briefed. However, it does form another basis for explaining why no entry would have been made on the waybill.

[2] Reversed on other grounds by the Pa. Supreme Court at 448 Pa. 313, 292 A. 2d 294 (1972).

pensation for herself and her two minor children, at the rate of $54.00 per week, beginning March 13, 1975, and continuing thereafter up to but not including March 16, 1976, when the minor child, Anna Horvath, reaches the age of 18 years; compensation for herself and one minor child, at the rate of $46.00 per week, beginning March 16, 1976, and continuing thereafter up to but not including April 27, 1977, when the minor child, Frank Horvath, reaches the age of 18 years; death compensation for Anna Horvath, the claimant, as widow, at the rate of $39.00 per week, beginning April 27, 1977, and continuing thereafter during the widowhood of the claimant, is affirmed.

It is also hereby ordered that the said appellants reimburse the claimant in the sum of $600.00 on account of the funeral expenses of her decedent, incurred and paid by her.

The above is to bear interest at the rate of 6% per annum on deferred payments, in accordance with Section 410 of the Pennsylvania Workmen's Compensation Act.

